MARGARET KREKELER, Appellant v. ADAM RITTER, Executor, etc., Respondent.

Although the record of a former judgment is not admissible as constituting a bar or estoppel to an action without being pleaded, yet when the issues in an action have been adjudicated in a former action between the parties, the judgment in the former action is proper, as evidence of the facts established thereby, although not pleaded.

Evidence tending to show that such former judgment was obtained by fraud is incompetent. It cannot be impeached collaterally, nor can the same facts be retried. The remedy of the party is by application for a retrial, or other relief, in the action wherein the judgment was rendered.

Extra allowances for costs, within the limits prescribed by the Code, are in the discretion of the court of original jurisdiction, and the exercise of this discretion cannot be reviewed here.

(Submitted June 18, 1875; decided June 25, 1875.)

APPEAL from a judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of the defendant, entered upon a decision of the court, on trial at Special Term.

This action was brought to set aside the lien of a mortgage held by defendant upon premises of plaintiff, upon the ground that the same was procured by fraud. The answer was a general denial and a former suit pending.

Upon the trial defendant's counsel offered in evidence a judgment in the Superior Court of the city of New York wherein the defendant herein was plaintiff and the plaintiff herein and her husband were defendants, in which action the same issues presented in this action were tried and determined in favor of the defendant. Plaintiff objected on the ground that it had not been set up in the answer or by supplemental answer. The objection was overruled and plaintiff's counsel excepted. Plaintiff offered to prove that said judgment was recovered by fraud and perjury. The court rejected the offer and plaintiff's counsel excepted. The court dismissed the complaint and granted an extra allowance of $150.

*H. A. Frost* for the appellant. The judgment was improperly received in evidence under the pleadings. (*Brazell* v. *Isham,* 12 N. Y., 7, 17; *Haight* v. *Badgeley,* 15 Barb., 499; *Beaty* v. *Swartout,* 32 id., 293; *Codd* v. *Rathbone,* 19 N. Y., 39; *Paige* v. *Willett,* 38 id., 31.) The defence of new matter should have been pleaded. (Code, § 149; *Wright* v. *Delafield,* 25 N. Y., 271; *McKyring* v. *Bull,* 16 id., 293, 337; *Buttes* v. *McCauly,* 38 Barb., 413; *Hendrick* v. *Denker,* 35 id., 298; *Dennis* v. *Snell,* 54 id., 411; *Seward* v. *Torrence,* 3 Hun, 320.) The order for extra allowance exceeded the prescribed limits, and affected a sub-

stantial right, and was therefore appealable. (*People* v. *N. Y. C. R. R. Co.*, 29 N. Y., 418, 422; *Wilkinson* v. *Tiffany*, 4 Abb., 98.)

*D. M. Porter* for the respondent. The judgment under the answer was conclusive, and could not be impeached by any evidence which, if admitted, would be to try again what had once been adjudicated upon. (*Derby* v. *Hartman*, 3 Daly, 458; *Ham. Bldg. Assn.* v. *Reynolds*, 5 Duer, 671; *Gardner* v. *Buckbee*, 3 Cow., 120; *Burt* v. *Sternburgh*, 4 id., 120; *Embury* v. *Conner*, 3 N. Y., 522; *Demarest* v. *Darg*, 33 id., 280.) The offer to prove that the judgment had been obtained by perjury was properly overruled. (*Derby* v. *Hartman*, 3 Daly, 458.) The extra allowance rested in the discretion of the court. (*Southwick* v. *Southwick*, 49 N. Y., 510.)

ALLEN, J. The record of the Superior Court was not offered or received in evidence in bar of the action, but merely as evidence of the fact in issue. Had it been offered as constituting a bar, or as an estoppel to the action, it would have been inadmissible, not having been pleaded as a defence. (*Brazill* v. *Isham*, 2 Ker., 9, per DENIO, J.; *Denny* v. *Smith*, 18 N. Y., 567.) But as evidence of a fact in issue it was competent although not pleaded like any other evidence, whether documentary or oral. A party is never required to disclose his evidence by his pleadings. The evidence was competent to disprove a material allegation of the complaint traversed by the answer. As evidence it was conclusive as an adjudication of the same fact, in an action between the same parties. (*Wright* v. *Butler*, 6 Wend., 284; *Lawrence* v. *Hunt*, 10 id., 81; *Embury* v. *Conner*, 3 Comst., 511; *Gardner* v. *Buckbee*, 3 Cow., 120.) The court properly held that "the matter adjudicated between the parties in another action might be given in evidence." The judgment could not be impeached collaterally, nor could the same facts be retried between the same parties. The offer of the plaintiff

was in effect to retry the issues. Judgments may be impeached in equity for fraud, but for no other reason. (*Davoue* v. *Fanning*, 4 J. Ch., 199.) The remedy of the plaintiff was by application for a retrial in the Superior Court, or for other relief if the judgment had been procured by false or mistaken testimony, and other evidence had been discovered by which the truth could be established.

The court had jurisdiction to grant an extra allowance to the defendant, as in a difficult or extraordinary case, and the amount in controversy was adjudged at $3,100, which probably included interest upon the mortgage. The allowance was liberal, but the trial court was better informed than we can be of the character and course of the litigation, and the statute very properly makes the decision of that court final when the power conferred by statute is not exceeded. We cannot review the exercise of the discretion of the court of original jurisdiction. (Code § 309; *Southwick* v. *Southwick*, 49 N. Y., 510.)

The judgment must be affirmed.

All concur.

Judgment affirmed.