### AVERY *v.* STARBUCK.

(*Superior Court of New York City, General Term.*    March 5, 1889.)

JUDGMENT—RES ADJUDICATA—PLEADING.

    In an action for work and materials furnished to defendant for a certain yacht, the defendant asked leave to file a supplemental answer, setting out that since defendant had filed his answer a suit brought by plaintiff in the federal court for the same cause of action had terminated in favor of the defendant. *Held*, that leave was properly denied, where it appeared that the adjudication in the federal court was that, although plaintiff might have a personal claim for work and material, he had no lien upon the vessel.

Appeal from special term.

Action by Thomas C. Avery against William H. Starbuck. From an order denying leave to file a supplemental answer the defendant appeals.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*George H. Adams,* for appellant.    *Joseph F. Mosher,* for respondent.

SEDGWICK, C. J. The action was for work and material furnished to defendant for a certain yacht. The defendant answered. Afterwards he made the motion below, which was to allow him to serve a supplemental answer, alleging that since the former answer judgment had been entered in favor of defendant in a suit in the United States district court, in which the plaintiff was the present plaintiff, and alleging that the suit in the district court was brought upon the same grounds, and for the same relief, as claimed in this action. On the motion it indubitably appeared that the suit in the dis-

trict court was terminated in favor of this defendant, without any adjudication of whether or not the plaintiff had a claim for work and material, and that, the proceeding being *in rem*, the actual adjudication was that if the plaintiff had a personal claim he had no lien upon the vessel; and this led to a dismissal of the libel.

I am of opinion that it so certainly appeared that the answer proposed could not sustain the defense by way of bar upon the facts that the judge was right in not allowing an insubstantial defense; but I also take into consideration that the defendant will have a right upon the trial to present the same record as evidence of the facts in issue, and with conclusive effect, if the appellant should be right in his present assertion as to the effect of the record in the district court. *Marston* v. *Swett*, 66 N. Y. 206; *Krekeler* v. *Ritter*, 62 N. Y. 372. The order should be affirmed, with $10 costs. All concur.