### BULKLY *v.* HEALY.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

1. SET-OFF AND COUNTER-CLAIM—MECHANICS' LIENS—ENFORCEMENT.
   In an action to foreclose a mechanic's lien for work done and materials furnished under a contract, a counter-claim may be set up for damages for omissions and defaults in the performance of the contract.
2. SAME—RES ADJUDICATA.
   In such case, a judgment for damages recovered in another court is conclusive evidence of the amount.

Appeal from special term, Kings county.

Action by Washington Bulkly against Catharine Healy, to foreclose a mechanic's lien. Defendant set up a counter-claim. On trial by the court without a jury, the counter-claim was allowed, and judgment was rendered for plaintiff for the amount found due him in excess of the counter-claim. From so much of the judgment as allowed such counter-claim, and from an order resettling the judgment and correcting an error therein, plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Samuel P. Potter,* for appellant. *L. A. Gould* and *Thomas D. Rambaut,* for respondent.

BARNARD, P. J. The plaintiff agreed to furnish the materials and build a house for the defendant at an agreed price. Payments were made according to the contract, except that there was remaining a balance of $855.50. The defendant, after the work was finished, as claimed by the plaintiff, commenced an action in the city court of Brooklyn in which she claimed damages for various omissions and defaults in the execution of the contract, and claimed $2,500 damages. See 10 N. Y. Supp. 702. The plaintiff then commenced this action to foreclose the lien, and the defendant, Mrs. Healy, pleaded the same facts as a basis of counter-claim in this action, and stating inferentially that the action in the city court was then pending. Mrs. Healy tried her suit in the city court, and got a judgment for damages and costs, $582.30. Then the lien action was tried, and the court allowed the amount of the city court judgment as a counter-claim to the plaintiff's claim under the contract, and which he sought to enforce by foreclosure. The plaintiff appeals, and alleges for error that the city court judgment was not a basis for counter-claim— *First.* Because an appeal was pending from the city court judgment. The

case does not show this to be the fact. The recovery of the city court judgment is found, but it is not proven as found that the same was appealed from or secured on appeal. *Second.* Because the counter-claim was not proper in the lien action, because it was the subject of an independent action. As matter of law, a counter-claim may be set up in an action to foreclose a lien. *Lumbard* v. *Railroad Co.*, 62 N. Y. 290. The lien action is based upon a contract. The particular remedy by foreclosure does not change the nature of the action. A failure to perform the contract causing damages to the owner is the subject of counter-claim within section 501 of the Code. The counter-claim was not stricken out, but was replied to and denied, and it is of no moment that there was an action pending in the city court to recover the counter-claim.

The question was not raised. The city court judgment was conclusive evidence of the amount of the counter-claim, and was properly received in evidence. *Krekeler* v. *Ritter*, 62 N. Y. 372. The correction of the decree so as to make it express the result of the trial and decision of the court was proper, and, although an appeal is taken from the order resettling the same, no point is made on the argument. The judgment and order should therefore be affirmed, with costs.