WILLIAMS, J.
In the absence of an exception, we cannot review, the correctness of the decision of the court ordering judgment for the plaintiff. Code Civ. Proc. §§ 994, 1022; Miller v. Larmer, 85 Hun, 313; 65 St. Rep. 877; Smith v. Moulson, 88 Hun, 147; 68 St. Rep. 531. We can only review the exceptions taken on the trial, and the'only one taken was to the reception in evidence of the judgment roll in the former case. If that evidence was improperly received, the exception requires a reversal of the judgment, because the judgment was básed upon this evidence,—resulted solely from it, It was not necessary to plead the judgment, in order to make it competent evidence. It might properly be given as evidence in this ease .of any fact which was, or might have been, determined in the former case, and such evidence would be conclusive, and could not be contradicted. Krekeler v. Ritter, 62 N. Y. 372. The question which the judgment roll was offered as evidence of was the validity of the contract which was conceded to have, been made, to wit, a contract of employment on April 25, 1890, to commence June 16, 1890, and to terminate Juné 16, 1891; at a salary of $2,000 per year, and as to which there was no writing or memoi’andum sighed by the defendant. It is conceded that there was but a single contract.made between the parties. Upon,'this contract both actions were therefore brought. The validity of this contract was necessarily determined in the first action, because upon ‘no other theory could that action have been maintained. It is true that an action might have been brought for the services rendered, as alleged in the first action, though the contract was void under the statute of frauds, and could have been maintained, if the recovery had been sought upon the theory of a quantum meruit; but no such allegation was made in the complaint in that action, and the" recovery was not had upon any such theory. The action was based upon the contract alone, and the judgment recovered therein necessarily involved and established the validity of that contract. The statute of frauds might have been pleaded to that action, and • the contract attacked upon tnat ground, and then upon the real contract being" proved or conceded, as it has been in the present action, the cause of action there alleged would have been defeated on the ground of the validity of such contract. By failing to allege the invalidity of that contract under the statute of frauds, or to insist upon it, in that action, the defendant waived such' validity or claim, and conceded the validity of that contract. We are unable to escape the conclusion, therefore, that the validity of the contract in question was determined in the former action, and that the judgment roll, when offered in evidence in this action, conclusively established such validity, and that it could not be again litigated here. Our conclusion is that the evidence in question was properly received, and that the case was properly decided by the trial court. 1
The judgment should be affirmed, with costa.
‘ BARRETT, RUMSEY, and PATTERSON, JJ., concur.