(19 App. Div. 55%.)

## THAYER v. CABLE.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

1. ACTION FOR GOODS SOLD AND DELIVERED—EVIDENCE.

Under a complaint alleging a sale and delivery of goods to the defendant, amplified by a bill of particulars specifying the names of employés of the defendant to whom such goods were delivered, proof is admissible to show an arrangement between the parties that the goods should be delivered to employés of defendant, and that they were so delivered, and were charged to defendant.

2. SAME—JUDGMENTS.

On the trial of an action for goods sold and delivered, a judgment between the same parties, in a suit subsequently commenced, for goods sold after those sued for in the action on trial, but under the same arrangement, is competent evidence to show the making of such arrangement.

Herrick, J., dissenting.

Appeal from judgment on report of referee.

Action by Philo W. Thayer against Asbury Cable. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

A. G. Patterson, for appellant.
Marvin & Hanford, for respondent.

MERWIN, J. The recovery is for goods sold and delivered by the plaintiff to the defendant personally, or to his employés by his direction and upon his credit. There is no dispute except as to the goods delivered to two of the employés, Kelsey and Hawkins. Three questions are raised: (1) Whether, under the complaint, proof was admissible for the purpose of showing an arrangement between plaintiff

and defendant for the furnishing by plaintiff to defendant's employés of goods, and charging them to defendant, and showing that plaintiff, acting under this arrangement, furnished to the employés the goods in question, and charged them to the defendant; (2) whether the proof sustains the finding of such an agreement; and (3) whether the judgment before a justice of the peace between the same parties, for goods furnished under the same arrangement after the commencement of this suit, was competent.

1. The complaint is for goods sold and delivered by the plaintiff to the defendant between certain dates. A bill of particulars was served, giving the items in detail. This bill is not in the case. It may be inferred from the evidence that in the books of the plaintiff, and in the bill as served, the name of the employé was entered in cases where it was claimed the goods were delivered to employés. Sales made under the arrangement as claimed by plaintiff were, in effect, made to the defendant, the same as if made upon the direct order of defendant. It was an original undertaking on his part. The goods were at the time charged to defendant, and the referee finds that the sales were in fact made to the defendant. The findings of the referee on this subject are to be construed together. Ordinarily, facts may be pleaded as they actually exist, or according to their legal effect, at the option of the pleader. New York News Pub. Co. v. National Steamship Co., 148 N. Y. 39, 42 N. E. 514. The undertaking being original, the plaintiff might declare generally. Northrup v. Jackson, 13 Wend. 85. The defendant was not misled. The complaint, amplified as it was by the bill of particulars, was, I think, sufficient. See McMahon v. Sherman, 14 N. Y. St. Rep. 637.

2. The finding of the arrangement, as claimed by the plaintiff, was, I think, sustained by the evidence. The evidence of the plaintiff himself supported it, and he was sustained by the judgment in the justice's court.

3. Was the justice's judgment competent? It was between the same parties, and involved the question whether the arrangement, as claimed by the plaintiff in this action, was in fact made. Both sides agree that there was in fact but one arrangement. The goods claimed for in the justice's action were furnished to Kelsey, and under the same arrangement as claimed in this action, and it was in substance a continuance of the same deal. It is suggested that the arrangement was sworn to before the justice as being in April, 1894, at plaintiff's house; while in this action it was said to be in February, 1894, at plaintiff's store. Before the justice it was said to have been near the store, and in this action plaintiff, on being recalled, placed the date as about February or March, 1894. Clearly, the referee had a right to find that, as there was but one arrangement, the evidence in the two cases referred to the same arrangement. If, in an action for an installment of rent, the validity of the lease is questioned and established, the judgment is binding in actions for future installments (Ackley v. Westervelt, 86 N. Y. 452); so as to a contract for advertising (Ibbotson v. Sherman, 42 N. Y. Super. Ct. 478). The former judgment is evidence of the facts established thereby, though not pleaded. Krekeler v. Ritter, 62 N. Y. 372. See, also, Embury v. Conner, 3 N. Y.

511; Doty v. Brown, 4 N. Y. 71. The fact that the justice's suit was after the commencement of this action does not change the rule (Gates v. Preston, 41 N. Y. 113); nor that the subject-matter may be different (Castle v. Noyes, 14 N. Y. 329). The justice's judgment was, I think, admissible.

Judgment affirmed, with costs. All concur, except HERRICK, J., dissenting.