(91 App. Div. 49.)

### STEARNS v. SHEPARD & MORSE LUMBER CO.

(Supreme Court, Appellate Division, First Department.   February 5, 1904.)

1. AGENCY—ADMISSIONS OF PRINCIPAL—ESTOPPEL TO DENY.

Where defendant admits that negotiations with its representative were negotiations with it, and that the delivery of a bond to him was a delivery to it, and was a valid obligation of the maker thereof to it, it cannot deny the representative's authority to act for it.

2. APPEAL—HARMLESS ERROR—RULINGS ON EVIDENCE.

Where a judgment introduced in evidence by plaintiff was binding as an adjudication, leaving the question of damages the only one open, rulings in relation to testimony other than in relation to damages were immaterial.

3. JUDGMENTS—RES JUDICATA—EVIDENCE.

While an unpleaded prior adjudication between the parties or their privies is not competent as a bar or an estoppel, it is competent as evidence, and conclusive on the fact involved.

4. SAME—JUDGMENTS AGAINST PRIVIES.

Where defendant transferred an obligation of plaintiff to its manager, who, for defendant's convenience, and at its instigation, brought suit thereon, in which suit plaintiff interposed as a set-off breach by defendant of a contract between defendant and himself, and it was determined that the amount due from defendant to plaintiff for the breach of the agreement exceeded plaintiff's indebtedness on the obligation, and thereupon judgment was entered dismissing the complaint, such judgment was conclusive of defendant's agreement and the breach thereof in a subsequent action by plaintiff against defendant to recover damages for such breach.

5. SAME—EVIDENCE—OFFER OF OTHER EVIDENCE—EFFECT.

The effect of a prior adjudication as conclusive evidence is not impaired by the fact that plaintiff offered other unnecessary evidence on the issue determined by the judgment, and did not offer the judgment until after he had first rested.

Appeal from Trial Term.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Eustace Conway, for appellant.

Guy C. Frisbie, for respondent.

INGRAHAM, J.   The action is brought to recover the damages sustained in consequence of the violation by the defendant of a contract by which the defendant agreed to discontinue a certain action commenced in the state of New Jersey, wherein the defendant in this action was the plaintiff, and this plaintiff the defendant, and in which this defendant had obtained an attachment, which had been levied upon certain real and personal property of the plaintiff.   This agreement, as alleged in the third subdivision of the complaint, was that the plaintiff was to give his certain bond or obligation in the penal sum of $3,050, conditioned for the payment to. the defendant

¶ 3. See Judgment, vol. 30, Cent. Dig. § 1806.

of the sum of $1,525, and interest at the rate of 6 per cent., on the 6th day of November, 1894, and, as security for the payment thereof, was to execute and deliver a mortgage upon all the real estate of the plaintiff in the state of New Jersey; and was also to execute and deliver to one Frederick W. Cole a bill of sale of all the personal property belonging to the plaintiff then upon the said real property, in trust to sell the same and apply the proceeds to the payment of the indebtedness of the plaintiff expressed in said bond; and that the defendant would thereupon forthwith discontinue the suit and attachment in the Supreme Court in the state of New Jersey, and would put 'the dwelling house upon said premises in good repair, and keep it so for the term of said bond and mortgage, at an expense not to exceed the sum of $300, and would allow the plaintiff to resume control of said real estate and collect and receive the rents therefrom. The answer admitted that certain negotiations were commenced and carried on for a time between the plaintiff and defendant for the settlement of the New Jersey action and for the release of plaintiff's property from said attachment, as alleged in paragraph 3 of the complaint, but denied that any agreement was made as alleged therein, and as a counterclaim set up the bond delivered by plaintiff to the defendant under such contract.

It is not alleged that Cole was not the agent of the defendant; and the defendant, admitting that the negotiations with Cole were negotiations with the company, and that the delivery of the bond to Cole was a delivery to the company and was a valid obligation of the plaintiff to the defendant, was not in a position to deny Cole's authority to act for the company. The plaintiff complied with this agreement, and executed and delivered to Cole for the defendant the bond and mortgage and the transfer of the personal property; but, notwithstanding its agreement, the defendant refused to discontinue the action in the state of New Jersey, continued such action, entered judgment against plaintiff, sold the plaintiff's property thereunder, and applied the proceeds to the payment of the indebtedness to the defendant and other creditors of the plaintiff in said state of New Jersey. After the plaintiff's property had been sold, and its proceeds distributed among the creditors of the plaintiff who had intervened in the proceeding in New Jersey, the defendant transferred the plaintiff's obligation, upon which it had instituted the New Jersey action, to Cole, who commenced an action thereon in the Supreme Court of this state. In that action the plaintiff interposed as a counterclaim or set-off to his indebtedness to the company his damages sustained by a violation of this agreement between himself and the company. Upon the trial of that action it was determined that the defendant in this action had made the agreement alleged; that the amount due from the company to the plaintiff exceeded the amount of the plaintiff's indebtedness to the company, and that, therefore, it was a proper set-off or demand due by the plaintiff to the defendant corporation. The complaint was dismissed, and that judgment was affirmed upon appeal to this court (23 App. Div. 446, 48 N. Y. Supp. 318) and to the Court of Appeals (162 N. Y. 637, 57 N. E. 1106). The plaintiff then commenced this action to recover

the damages sustained by him in consequence of a breach of this contract by the defendant. Upon the trial the plaintiff offered evidence as to the making of the contract and its breach by the defendant. To this the defendant objected upon the ground that they were going to insist that no contract was made with the defendant, stating: "Mr. Cole had a certificate filed in Albany, and was selling agent here, and process was served on him. He had no authority on account of it to make any agreement of any kind." The plaintiff then testified that he saw Cole at the office of the company in the city of New York; that Cole was the general manager of the company in this city; that prior to the commencement of the action the plaintiff had dealings with the defendant corporation at its office in the city of New York, and that Cole was in charge of that office as the general manager of the defendant in the city of New York, he being the only one that represented the company in New York; and other evidence was given tending to show that Cole was the general agent of the defendant in this state, and of the making of the contract and its breach by the defendant. The plaintiff then rested; whereupon the defendant moved to dismiss the complaint upon the ground that no agreement with the defendant corporation had been shown; that the agreement, if any, was with Cole. This motion was denied, to which defendant excepted.

The president of the defendant corporation testified that he resided in Boston, Mass.; that Cole had authority to sell lumber in and about New York, and report sales to the Boston office, forwarding any collections that might come through the New York office to the Boston office, but had no authority to sue in the name of the company; that Cole was a director of the defendant corporation at the time; that he had no doubt but that Cole wrote in connection with this matter at the time. Cole then testified that in 1893 he was a director of the company, and more particularly had charge of the business of the 'New York office as sales agent for their lumber business; that he had negotiations with the plaintiff looking to a settlement of the suit in New York; that on November 10, 1893, the plaintiff came to his office and had a talk with him and handed him a bond and mortgage; and that Cole told the plaintiff that he would put the matter in the hands of the attorney who had general charge, and would put into proper shape an agreement to cover the preliminaries. He contradicts the plaintiff's testimony as to the making of the distinct agreement to which the plaintiff testified. Upon cross-examination Cole testified that he commenced an action in the Supreme Court in which he was a plaintiff, and the plaintiff in this action was the defendant, upon a promissory note which was the note of the plaintiff due to the defendant; that to the best of his recollection this note was assigned to him by the company, and the suit was brought in his name for convenience; that he paid the company nothing for the note. Whereupon counsel for the plaintiff offered in evidence the judgment roll in the suit of Frederick W. Cole against George A. Stearns in the Supreme Court of this state. That was objected to by the defendant as immaterial and incompetent. The objection was overruled, and the defendant excepted. There was further evidence

given tending to contradict the plaintiff's account of the arrangement, and as to the value of the property sold under the judgment in the attachment proceeding in New Jersey; whereupon the court held that there was no question to be submitted to the jury except the value of the plaintiff's property levied upon and sold under the New Jersey judgment, apparently holding that this judgment in the action in which Cole, at the instigation and for the convenience of this defendant, sued to recover from the plaintiff the amount of his indebtedness was conclusive as evidence that the contract which was alleged in the counterclaim in that action as a set-off to the conceded indebtedness of the plaintiff to the defendant was made by the defendant, and that the damage sustained by a breach thereof was a valid claim in favor of the plaintiff against the defendant in this action.

The correctness of this conclusion is the principal question presented upon this appeal; for, if that judgment was binding upon the defendant as an adjudication, the only question remaining open between the parties was the amount of damage that the plaintiff sustained by a breach of the contract, and the exceptions to rulings in relation to testimony, except to that relating to the damages, became entirely immaterial. This adjudication not having been pleaded, it was not competent as a bar or an estoppel in this action, but, as said by the Court of Appeals in Krekeler v. Ritter, 62 N. Y. 372, "as evidence of a fact in issue it was competent, although not pleaded like any other evidence, whether documentary or oral. A party is never required to disclose his evidence by his pleadings. The evidence was competent to disprove a material allegation of the complaint traversed by the answer. As evidence it was conclusive as an adjudication of the same fact in an action between the same parties. * * * The court properly held that the matter adjudicated between the parties in another action might be given in evidence." The only question, therefore, is whether this judgment was binding upon the defendant as an adjudication.

The general rule is stated in Am. & Eng. Enc. of Law (2d Ed.) vol. 24, p. 724, as follows:

"The persons between whom a judgment or decree in a suit is conclusive in a subsequent suit are the parties to the prior suit and their privies, and as a general rule it is conclusive only between them."

And at page 735 it is said:

"The term 'parties,' as used in connection with the doctrine of res judicata, includes all who are directly interested in the subject-matter of the suit, and have a right and are given an opportunity to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment or decree, in case an appeal lies."

At page 737 it is said:

"One who prosecutes or defends a suit in the name of another to establish or protect his own right, or who assists in the prosecution or defense in aid of some interest of his own, and who does this openly, to the knowledge of the opposing party, is as much bound by the judgment, and as fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record. In such case the person so participating in the suit is a party within the rule previously stated. For the same reason the prosecution or defense of an action in the name of a merely nom-

inal party will not avoid the plea of res judicata, where the question in issue has been decided adversely to the real party in interest in a prior suit in which he and the opposite party in the present suit were adverse parties."

And at page 740 it is said:

"In order to invoke a judgment as an estoppel for or against the real party in interest, it is always competent to show what the real situation was, and what part in promoting or defending the suit was actually taken by him, and parol evidence is admissible for this purpose."

In the case of Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765, the court quoted with approval from 1 Greenl. Ev. § 523:

"The term privity denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he is a party is that they are identified with him in interest, and whenever this identity is found to exist all are alike concluded."

Applying this rule, it seems to me clear that the defendant stood in privity to Cole in the action which he brought to enforce a claim against the plaintiff for the benefit of the defendant, and that that adjudication was binding upon the corporation; and the judgment roll having been introduced in evidence, not, as the defendant claims, to contradict Cole, but as evidence in the case, it was when introduced conclusive as evidence that the contract was made and broken by the defendant, and that for the damages sustained by its breach the defendant was responsible. It follows, therefore, that upon the evidence before the court the plaintiff's cause of action was conclusively established.

It was said, however, that as the plaintiff introduced evidence as to the contract, not relying upon the judgment, he tendered an issue as to the making of the contract which, in effect, waived the conclusive character of the former adjudications. But the fact that plaintiff offered unnecessary evidence, or that the conclusive evidence did not appear until after the plaintiff had rested, does not prevent due effect being given to the evidence when it is properly in the case. To establish the competency of this judgment roll as evidence it was necessary that it should appear that the corporation was a privy and thus bound by the judgment. When that question was established by the evidence of Cole, the plaintiff then introduced the judgment roll as evidence in the case, and claimed that this judgment was as evidence conclusive, and that effect was given it by the court. There was nothing in the record that can be said to justify the conclusion that the plaintiff did not rely upon this judgment as evidence in the case sustaining his cause of action, and, as the learned trial judge correctly construed the binding effect of this judgment as evidence, we are not justified in reversing the judgment.

We think also that the court correctly determined the amount that was to be deducted from the total value of the property, and that there was no erroneous ruling upon the trial which affected the liability of the defendant. We think the letter which was introduced in evidence, written by the plaintiff to the defendant after the transaction, was inadmissible; but as that related solely to the making of the contract, and had no relation to the amount of damage sus-

tained, and as the making of the contract and its breach by the defendant were conclusively established by the evidence, the admission of that letter was not an error which would justify a reversal of the judgment.

It follows that the judgment and order appealed from should be affirmed, with costs. All concur.