(91 App. Div. 56.)

### STEARNS v. SHEPARD & MORSE LUMBER CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. APPEAL—FINAL JUDGMENTS—REVIEW OF INTERMEDIATE ORDERS—NOTICE.

    On appeal from a final judgment a review of an intermediate order can be procured, but only when a notice of the desired review is incorporated in the notice of appeal, as required by Code Civ. Proc. § 1316.

Appeal from Special Term, New York County.

Action by George A. Stearns against the Shepard & Morse Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Guy C. Frisbie, for appellant.
Eustace Conway, for respondent.

INGRAHAM, J. The facts in this case are stated in the opinion on the appeal by the defendant from the judgment entered upon the verdict of a jury in this action decided herewith. 86 N. Y. Supp. 391. The court submitted to the jury but one question, and that was as to the value of the plaintiff's property which was sold under a judgment in an action in the state of New Jersey, in violation of a contract made between the defendant and the plaintiff. The jury found that the value of the property was the sum of $5,266. All the other questions affecting the amount for which the plaintiff was entitled to a verdict were reserved by consent of counsel for the court. Subsequently the court entered an order which provided that from the amount found by the special verdict there should be deducted the amount of $2,900, a mortgage upon the premises sold; $1,527.75, the amount of the indebtedness of the plaintiff to the defendant, with interest; and also the amount paid to creditors of the plaintiff, other than the defendant, who shared in the distribution of the proceeds realized on the sale of the plaintiff's property in the attachment suit in New Jersey, aggregating the sum of $737.11, making a total of $4,264.86; leaving a net balance of $1,001.14—for which amount, with interest, the plaintiff was entitled to a verdict as being the net amount of the damage sustained by him; and upon the verdict as thus reduced by the court judgment was entered. From this judgment the plaintiff appeals, but does not state in the notice of appeal that he desires to review the intermediate order, as required by section 1316 of the Code of Civil Procedure.

Upon an appeal from a final judgment under that section an intermediate order which is specified in the notice of appeal, and which necessarily affects the final judgment, can be reviewed; but, after final judgment, such an intermediate order can only be reviewed upon an appeal for the judgment when in the notice of appeal the intermediate order is specified. As the notice of appeal from the final judgment does not specify this intermediate order, we have no power· to review it.

As the only question presented on the plaintiff's appeal relates to the order, the judgment appealed from must be affirmed, with costs. All concur.

