WHITEHALL & ST. JOHN'S TOWING & TRANSPORTATION CO. v. FISH.

(Supreme Court, Appellate Term.  June 27, 1907.)

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Whitehall & St. John's Towing & Transportation Company against Dolph Fish.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY, and PLATZEK, JJ.

William J. Cleary (Nelson Zabriskie, of counsel), for appellant.

Alexander & Ash (Mark Ash and William Ash, of counsel), for respondent.

PLATZEK, J.  This is an appeal by the defendant from a judgment rendered against him for $546.91, damages, interest, and costs, on March 12, 1907.  The action is brought to recover the sum of $500 for two alleged violations of towing contracts, for liquidated damages for violating an agreement between the parties on September 4 and 22, 1906.  The pleadings were oral; the plaintiff's plea being for breach of contract, and the answer a general denial.  A bill of particulars was demanded and furnished.  Upon the trial the defendant amended his answer, alleging that the contract sued upon was illegal: (a) That the agreement in question is in violation of the federal law known as the "Sherman Act" (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]).  (b) That the agreement in question is in violation of the law of this state (Laws 1899, p. 1514, c. 690) known as the "New York Anti-Monopoly Act."  (c) That the agreement is against public policy, being in general restraint of trade. (d) Conceding the agreement is valid, the damages fixed by it are not liquidated damages, as stated therein, but penalties, and not enforceable.

The only controverted question of fact tried was whether the plaintiff provided "ordinary, useful, and reasonable service," under article 5 of the agreement.  Proof was taken on this subject, and there was a conflict of evidence, which was determined in favor of the plaintiff and against the defendant by the trial justice.  The testimony in the case overwhelmingly justifies and warrants the finding of the disputed facts in favor of the plaintiff.  The fair and reasonable interpretation of the intention of the parties to the contract, relating to damages in the event of the breach of the contract, is that it was intended that the damages be deemed in the nature of liquidated damages, and not as penalties, and the finding of the trial justice is correct in that regard.  The trial justice, on rendering judgment, handed down an exhaustive, able, and comprehensive opinion on the law and the facts litigated and involved in the trial of the case.  The authorities cited by the learned trial judge in the court below are applicable to this case.

Judgment affirmed, with costs, on the opinion of the court below.  All concur.