WHITEHALL & ST. JOHN'S TOWING & TRANSPORTATION CO. v. FISH.

(Supreme Court, Appellate Term. June 27, 1907.)

ABATEMENT—PENDENCY OF ANOTHER ACTION—NECESSITY OF PLEADING.

To be available as a defense to an action, estoppel based on the pendency of another action must be pleaded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 123.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

. Action by the Whitehall & St. John's Towing & Transportation Company against Dolph Fish. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY, and PLATZEK, JJ.

William J. Cleary (Nelson Zabriskie, of counsel), for appellant.
Alexander & Ash (Mark Ash and William Ash, of counsel), for respondent.

PLATZEK, J. This is an appeal by the defendant from a judgment rendered against him for $286.91, damages, interest, and costs, on March 12, 1907. The action is brought to recover the sum of $250 for the alleged violation of a towing contract, for liquidated damages for violating an agreement between the parties on October 10, 1906. The pleadings were oral; the plaintiff's plea being for breach of contract, and the answer a general denial. A bill of particulars was demanded and furnished. Upon the trial defendant amended his answer, alleging that the contract sued upon was illegal: (a) That the agreement in question is in violation of the federal law known as the "Sherman Act" (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]). (b) That the agreement in question is in violation of the law of this state (Laws 1899, p. 1514, c. 690) known as the "New York Anti-Monopoly Act." (c) That the agreement is against public policy, being in general restraint of trade. (d) Conceding the agreement is valid, the damages fixed by it are not liquidated damages, as stated therein, but penalties, and not enforceable. (e) That the damages sued for in this action are barred by another action brought together with this action, and that the cause of action in this suit should have been included in action No. 1.

The questions of law and fact, with the exception of the last proposition, indicated above as subdivision (e), are in all respects similar and identical with the issues tried and determined in action No. 1. 105 N. Y. Supp. 345. The question purported to have been raised by way of defense, as appears by said subdivision (e), was not pleaded as a defense when issue was joined in the suit, nor after demand and service of bill of particulars, nor at the time when defendant amended his answer, which was subsequent to the furnishing of the bill of particulars. The court below held that, if the defense of estoppel had been pleaded, it would be good; but, not having pleaded, the defendant could not avail himself of the same. A colloquy between counsel and

court is found in the record referring to this proposition, but the discussion had in no way indicates anything except that counsel for the defendant desired to have it emphatically noted that he raised this objection. He did not ask for permission to further amend his answer, nor was the answer amended. Therefore, as the record stands, the defense of estoppel was not and is not pleaded, and the trial justice properly held against the defendant on that question. He is sustained by authority in his ruling. See James v. Work, 70 Hun, 296, 24 N. Y. Supp. 149; Stearns v. Shepard & Morse Lumber Co., 91 App. Div. 49, 86 N. Y. Supp. 391; Krekeler v. Ritter, 62 N. Y. 372.

For the reasons above stated, judgment should be affirmed upon the opinion of the court below, and for the reasons stated in opinion handed down herewith in action No. 1 between the same parties, with costs to the respondent. All concur.