HENDRICK v. BIGGAR.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

1. DIVORCE (§ 172*)—JUDGMENT—CONCLUSIVENESS—PARTIES CONCLUDED.

A judgment, in an action for divorce on the ground of adultery in which the co-respondent served a notice of appearance but served no answer to the complaint, is admissible in evidence in a subsequent action by the plaintiff in divorce against the co-respondent for alienation of the affections of plaintiff's husband, as evidence of adultery between plaintiff's husband and the co-respondent.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 559–561; Dec. Dig. § 172.*]

2. HUSBAND AND WIFE (§ 334*)—ALIENATION OF AFFECTIONS—EXCESSIVE DAMAGES.

An award of $75,000 damages for alienation of affections of plaintiff's husband, reduced to $50,000 by the trial court, will be reversed and a new trial awarded, unless the plaintiff stipulates to further reduce the damages to $30,000 with interest exclusive of costs taxed on the entry of the judgment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1125; Dec. Dig. § 334.*]

Appeal from Trial Term, Kings County.

Action by Agnes Mary Hendrick against Laura Biggar. From a judgment (66 Misc. Rep. 576, 122 N. Y. Supp. 162) for plaintiff and an order denying a motion for a new trial and reducing verdict from $75,000 to $50,000, defendant appeals. Reversed, and new trial granted unless plaintiff stipulates within 20 days to reduce the damages to $30,-000, with interest, exclusive of costs.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel I. Frankenstein, of New York City, for appellant.

Charles Goldzier, of New York City (Moses H. Grossman, of New York City, on the brief), for respondent.

CARR, J.  The defendant appeals from a judgment entered against her in the Supreme Court of Kings County, on the verdict of a jury in favor of the plaintiff.  The action was brought by the plaintiff to recover damages against the defendant for the alienation of the affections of the plaintiff's husband, and loss of consortium, through the alleged malicious acts of the defendant.  The jury found a verdict in favor of the plaintiff in the sum of $75,000, which was reduced by the trial court to $50,000, under a stipulation of the plaintiff.  A judgment was entered upon the reduced verdict, and from it this appeal has been taken.

The plaintiff's husband was a physician, who resided in the state of New Jersey, where she lived with him for some time.  He had a position as a health inspector in the town in which they lived.  According to the plaintiff's testimony, he came to her one day, when she was pregnant with child, she having already several small living children, and he told her that smallpox had broken out in the neighborhood and there would be great danger to her and her children, as he had to go among the people affected with that disease.  He advised her to leave her residence and go to live with her mother until the plague had disappeared.  She did so.  While she was absent, she sent him several letters which he answered, and then to several of her later letters came no answer.  She read in the newspapers that he had been arrested together with one Laura Biggar, an actress, who is the defendant herein, on some criminal charge, and was confined in jail at Freehold, N. J.  She went to the jail and saw the defendant and her husband there.  Recriminations took place between the wife and husband in the presence of the defendant.  The defendant and the plaintiff's husband were discharged from custody, but the husband did not return to the plaintiff.  According to her story, she went to some theater in New York City where the defendant was performing, was admitted to her dressing room, and the defendant informed her that the husband would not return to her, the plaintiff, but declared that he would live with her, the defendant, and she offered to the plaintiff to pay the rent of a small flat to be occupied by the plaintiff while she, the defendant, was living with the plaintiff's husband.  The plaintiff likewise testified that, before the disappearance of the husband under the pretext of smallpox having broken out in the neighborhood, their domestic life had been a happy one.  The defendant produced witnesses who testified to the contrary.  As to this question, the issue was for the jury, and their finding for the plaintiff cannot be said to be against the weight of evidence.

[1] As a part of the plaintiff's proof, to show the conduct of the defendant and her husband, she offered in evidence a judgment roll in which a divorce for adultery was decreed in her favor against the husband, which decree was based upon findings of the Supreme Court in Kings County that the husband committed adultery with one Laura

Biggar at various times and places, which times were subsequent to the departure of the husband from the plaintiff's household. The complaint contained an allegation of the adultery of the husband with Laura Biggar at various times and places. Proof was given that Laura Biggar appeared in the action by attorney, who served a notice of appearance but served no answer to the complaint. The chief ground presented on this appeal is whether it was error to admit this judgment roll against the defendant in this action. The judgment roll was not admitted in evidence as a bar against the defendant, Laura Biggar, in favor of the plaintiff as to the cause of action set forth in the complaint in this action, but simply as evidence in support of the cause of action, as showing an adjudication as to certain conduct between the plaintiff's husband and the defendant, Laura Biggar. The learned trial court instructed the jury repeatedly and quite fully that, from the mere fact that Laura Biggar had committed adultery with the plaintiff's husband, a verdict could not be rendered in favor of the plaintiff in this action. They were instructed that they could consider the fact of the alleged adultery in combination with such other facts as were shown by the plaintiff to establish the alienation of the affections of the plaintiff's husband by the defendant, Laura Biggar. It seems to us that there is no question whatever that, if it were shown, in connection with the other facts proved by the plaintiff, that Laura Biggar and the plaintiff's husband had been guilty of adultery, the evidence would have been entirely competent as tending to support the claim of the plaintiff as to the alienation of the affections of her husband. This action did not resolve itself into a trial for crim. con., for the materiality and effect of the charges of adultery were carefully explained to the jury by the trial court. ·

So, then, we are brought to an examination of the question whether or not the judgment roll in the divorce action was admissible as evidence of the commission of the acts of adultery between the plaintiff's husband and the defendant, Laura Biggar. A judgment roll may be admissible as evidence of the facts adjudicated in an action, even where it may not be admissible as a complete bar. Krekeler v. Ritter, 62 N. Y. 372. Such is the rule here were Laura Biggar to be considered as a party to the divorce action. She was not named as a party defendant in the summons nor in the complaint in that action. She was, however, named in the complaint as the person with whom the various acts of adultery had been committed, and in that respect she was the co-respondent in the action. Under section 1757 of the Code of Civil Procedure it is provided that the plaintiff may serve a copy of the summons and complaint in a divorce action on the co-respondent named therein, and that such person may appear in the action by person or by attorney and "may appear to defend such action, so far as the issues affect such co-respondent." The defendant in this action did not need to appear in the divorce action, nor to present any defense, but she had this privilege, and if she did appear therein she became to all practical purposes a party to the action. She had the right to answer and the right to appear at the trial, and cross-examine witnesses and object to and except to the

admission of evidence, and to take an appeal from any judgment that was rendered based upon a finding that she was the person with whom the defendant in that action had committed adultery.

It should be the rule, and we think it is, that where one comes into a divorce action by voluntary appearance as a co-respondent, a decision and judgment in that action are admissible in evidence thereafter against him as to any material facts affecting his conduct which were decided in the action, as basis for the entry of a judgment. It is urged that it has been held to the contrary in Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609. That authority does not seem to us in point, for while there is considerable discussion in the majority opinion of the court in that case as to the status in a divorce action of a co-respondent who has appeared therein after a trial was had and at which he had testified as a witness, all that was actually decided was that a co-respondent who appeared in such an action, under such circumstances, was not entitled to have the trial reopened in order that an entirely new trial of the issues might be had. Even from this decision there was a strong dissent by two of the Justices.

[2] It is unnecessary to consider here whether the judgment in the divorce action was conclusive or prima facie evidence. For here the defendant did not attempt to give any evidence to rebut the charges of adultery. So, if the judgment roll was simply prima facie evidence, there being no attempt to rebut the evidence, it would have become, so far as the jury were concerned, conclusive evidence on the trial as to the acts in question. The judgment in this action is a large one, even as it stands, and, under the facts shown in the record, apparently excessive. In cases of this class, there is a large measure of discretion in the jury as to the amount of damages, and a verdict is not to be interfered with lightly on the claim that it is excessive. At the same time, it is the duty of the trial court and of this court to consider such question wherever it arises properly. Every case of this character is somewhat a rule unto itself.

We think that the judgment and order should be reversed, and a new trial granted, costs to abide the event, on the ground that the verdict was excessive, unless the plaintiff stipulate within 20 days to reduce the damages to the sum of $30,000 with interest, exclusive of the costs taxed on the entry of the judgment; in which event the judgment as so reduced, and the order, are affirmed, without costs of this appeal. All concur.