### LANDMESSER v. HAYWARD.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. PLEADING (§ 11*)—COMPLAINT.

Under Code Civ. Proc. § 481, providing that a complaint shall contain a plain and concise statement of the facts constituting cause of action without unnecessary repetition, correspondence between the parties introduced in the complaint, which is irrelevant to any issue and is not even of an evidentiary character, is properly stricken, even though it is urged by plaintiff that it was necessary to plead such correspondence, to avoid the expense of producing it upon the trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

2. PLEADING (§ 85*)—TIME TO PLEAD—ORDERS—EFFECT.

While an order which allowed defendant time to plead or move, when defendant had merely asked an extension of the time in which to answer, is erroneous, it should be obeyed so long as it stands.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 172–178; Dec. Dig. § 85.*]

3. PLEADING (§ 85*)—TIME TO PLEAD—ORDERS—VACATION.

An order granting defendant an extension of time in which to plead or otherwise move, made without notice, upon affidavit, under the statute providing for an extension of time in which to answer, may under the direct provisions of Code Civ. Proc. § 772, be modified or vacated by the judge who made it, either with or without notice, or by the court upon notice.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 172–178; Dec. Dig. § 85.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PLEADING (§ 360*)—TIME TO PLEAD — EXTENSION — MOTIONS — TIME FOR MAKING.

Where defendant by affidavit and without notice moved for an extension of time in which to plead, and the court granted an extension of time in which to plead or otherwise move, and the time thus extended was subsequently extended by an order made upon proper notice, plaintiff, not having objected to the first order, cannot complain, under Rules of Practice, rule 22, providing that motions to strike out of any pleading matter alleged to be irrelevant, redundant, or scandalous must be noticed before demurring or answering within 20 days after time of service thereon, and that the time to make such motion shall not be extended, unless upon notice of an application, or unless notice of application of at least two days shall be given to the adverse party, that a motion to strike in accordance with the terms of the last order was allowed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. § 360.*]

5. APPEAL AND ERROR (§ 151*)—RIGHT OF APPEAL.

A party has a right to appeal only when he is aggrieved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

6. APPEAL AND ERROR (§ 420*)—DECISIONS APPEALABLE—NOTICE.

After the filing of plaintiff's complaint, the time in which to plead or move was extended upon an application without notice, and was subsequently extended upon application with notice. Thereafter defendant moved to strike irrelevant matter from the petition, and from an order granting that motion plaintiff appealed, but the notice of appeal gave no intimation that the impropriety of the first order granting an extension of time was to be reviewed. Code Civ. Proc. § 1300, provides that an appeal must be taken by serving upon an attorney of the adverse party a written notice; and sections 1301 and 1316 provide for the reviewing of intermediate orders which are specified in the notice of appeal. *Held*, that the order granting the extension, being merely an intermediate order, could not be reviewed, not having been included in the notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2147; Dec. Dig. § 420.*]

Appeal from Special Term, Otsego County.

Action by Mary Landmesser against Edson A. Hayward. From an order striking out from plaintiff's complaint irrelevant and redundant matter, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

George L. Bockes, of Oneonta, for appellant.

Alva Seybolt, of Oneonta (Edson A. Hayward, of Oneonta, of counsel), for respondent.

WOODWARD, J. [1] The order appealed from strikes from the complaint a mass of redundant and irrelevant matter, and directs that the plaintiff serve a complaint which shall comply with the requirements of section 481 of the Code of Civil Procedure. Upon the merits there can be no question as to the propriety of this order. The complaint covers over 30 pages of the record, and consists in large part of correspondence entirely irrelevant to any issue which can be spelled out of the complaint, and the most of which is not even of an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidentiary character. It is conceded that the "complaint appears un-couth, and is far from being a model in form or language"; but it is urged that it was necessary to set out all the correspondence leading up to the result complained of, in order to save the plaintiff the expense of producing the same upon the trial. There is, however, no force in this contention, for reasons already suggested.

[2-4] The principal ground for the appeal is, however, based upon the contention that the application for the order was not made in the manner required by rule 22 of the General Rules of Practice. The summons was served on the 12th day of January, 1912, and notice of retainer was put in on the 30th day of that month. On the 19th day of February, 1912, the complaint was served, and on the 9th day of March an order was procured extending the time to "plead or otherwise move" for a period of 20 days, and this order was served on the 11th day of March, 1912. On the 21st day of March the defendant served a notice of motion for a further extension of time, such motion being made returnable on the 23d of March; and at that time an order was made granting additional time to plead, or to make an application to strike out matter from the complaint, but without prejudice to the plaintiff in raising any question under rule 22 of the General Rules of the Supreme Court upon said application.

It is conceded that the order of March 9th (served on the 11th) was granted without the two days' notice to the plaintiff required by rule 22, and this reservation of the right of the plaintiff to raise the question will be assumed to preserve the right to urge the point upon the application to correct the complaint. Acting under the provisions of the order of March 23d, as to the regularity of which there is no question, the defendant made an application to the court on the 2d day of April, 1912, for an order striking from the complaint the irrelevant and redundant matter heretofore under discussion. This order was granted and entered and served on the 2d day of January, 1913; the plaintiff bringing her appeal on the 22d day of January in this present year.

The question sought to be raised here is the right of the defendant to make an application to strike out matter under the provisions of section 545 of the Code of Civil Procedure on the 2d day of April, 1912, 37 days after the service of the complaint, the time being extended by an order on the 9th of March without notice of the motion being given to the plaintiff, as required by rule 22 of the General Rules of Practice. This rule provides that motions "to strike out of any pleading matter alleged to be irrelevant, redundant or scandalous * * * must be noticed before demurring or answering the pleading and within twenty days from the service thereof," and that the "time to make such motion shall not be extended unless notice of an application for such extension, stating the time and place thereof, of at least two days, shall be given to the adverse party."

But the defendant did not ask, on the 9th of March, to have his time extended to make a motion to strike out matter; he merely asked for an extension of 20 days in which to answer, and this was done upon affidavit, as provided in section 781 of the Code of Civil Proced-

ure, and required no notice to the plaintiff. Upon this affidavit the court ordered that "the time to plead or otherwise move herein be extended 20 days." This order, which exceeded the request of the defendant, was served on the plaintiff, or her attorney, on the 11th day of March, 1912. This order was, undoubtedly, erroneous; but it was to be obeyed so long as it stood. Gould v. Root, 4 Hill, 554. This was an ex parte order, made by a judge out of court, and it could have been vacated or modified by the judge who made it, either with or without notice, or by the court upon notice (section 772, Code of Civil Procedure; McMahon v. Brooklyn City R. R. Co., 20 Wkly. Dig. 404); but the plaintiff took no steps to have the order modified to conform to the defendant's request for leave to answer, and must be deemed to have waived the irregularity and to have accepted the terms of the order.

Having once waived a statutory right involving no considerations of morals or of public policy, she could not be permitted to reassert it. Mayor, etc., of New York v. M. R. Co., 143 N. Y. 1, 26, 37 N. E. 494, and authorities there cited. When, therefore, the subsequent motion, upon notice, was made, and the order was granted permitting the defendant's time to be extended to plead or to make an application to strike out matter from the complaint, without prejudice to the plaintiff raising any question under rule 22, the proceeding was entirely regular, and the extension of time was made in harmony with the requirements of the said rule, and it thus becomes unnecessary to consider whether rule 22 of the General Rules of Practice is an unwarranted abridgment of section 545 of the Code of Civil Procedure, and therefore ineffectual to deprive defendant of his right to have the complaint comply with the requirements of the law. See Ackerman v. Ackerman, 123 App. Div. 750, 752, 108 N. Y. Supp. 534; Gormerly v. McGlynn, 84 N. Y. 284; Conderman v. Conderman, 44 Hun, 181, 183, and authorities there cited. The authorities seem to justify such a holding; but it is unnecessary, as we have already pointed out, to determine this point.

[5, 6] There is another point equally fatal to the plaintiff's appeal. The notice of appeal gives no intimation that it is proposed to review any other order than the one which grants the motion to strike out the irrelevant and redundant matter, and we know of no provision of law which permits this court to review any question not pointed out by the notice of appeal. Section 1300 of the Code of Civil Procedure provides that an appeal must be taken by serving upon the attorney for the adverse party "a written notice to the effect that the appellant appeals from the judgment or order, or from a specified part thereof"; and sections 1301 and 1316 of the same Code provide for reviewing intermediate orders which are specified in the notice of appeal from judgments or final orders, and where no such notice is furnished the courts are without power to review. Stearns v. Shepard & Morse L. Co., 91 App. Div. 56, 86 N. Y. Supp. 396. The order now before us is not a final order; it is merely an order regulating the proceedings, and there is no statutory power to review any intermediate order—certainly none to review an order which is not men-

tioned in the notice of appeal. It is a maxim of the common law that "that to which a man consents is not esteemed in law an injury" (Broom's Legal Maxims [8th Ed.] 268), and it is only where one is aggrieved that there is a right of appeal (section 1294, Code of Civil Procedure). The plaintiff, by acquiescing in the irregular order of March 9th, and by a failure to preserve any question growing out of that order in the order from which this appeal is taken, is clearly not entitled to any relief at the hands of this court.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur; KELLOGG, J., in result.