(83 Misc. Rep. 484)

### SCHWARTZ et al. v. KUHN.

(Supreme Court, Appellate Term, First Department.  January 3, 1914.)

1. JUDGMENT (§ 952*)—CONCLUSIVENESS—EVIDENCE.

Where a judgment dismissing on the merits the complaint and counterclaim was on the appeal of defendant reversed in so far as it dismissed the counterclaim and a new trial ordered, the judgment dismissing the complaint, though not admissible on a subsequent trial in bar because not pleaded, was admissible as evidence of any fact in issue actually determined therein but conclusive on plaintiff only to the extent that it contained findings determining issues between the parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1806;  Dec. Dig. § 952.*]

2. APPEAL AND ERROR (§ 1054*)—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.

The error in permitting a party to introduce evidence controverting the findings actually made in a judgment was immaterial where the court properly held that the judgment was conclusive as against the party.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186;  Dec. Dig. § 1054.*]

Appeal from City Court of New York, Special Term.

Action by Simon I. Schwartz and another against August Kuhn. From a judgment of the city court (137 N. Y. Supp. 990) for defendant on his counterclaim, plaintiffs appeal.  Affirmed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Bloomberg & Bloomberg, of New York City (Nathan Ottinger and Edward N. Bloomberg, both of New York City, of counsel), for appellants.

Crawford & Tuska, of New York City (Benjamin Tuska and Carl S. Stern, both of New York City, of counsel), for respondent.

SEABURY, J.  Plaintiffs sue to foreclose a mechanic's lien upon a building owned by defendant for services claimed to have been performed by plaintiffs as architects in connection with the preparation of plans and specifications for such building and the supervising of the construction thereof.  The answer denies certain allegations of the complaint and pleads a counterclaim for damages alleged to have been sustained by the defendant through the alleged negligence of the plaintiffs in the performance of their contract as architects of the defendant's building.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon the first trial of the action judgment was rendered dismissing both the complaint and the counterclaim upon the merits. The defendant appealed from so much of that judgment as dismissed the counterclaim upon the merits. The plaintiffs did not appeal. The Appellate Court ordered "that the judgment, in so far as it dismissed the counterclaim so appealed from, be and the same hereby is reversed and a new trial ordered, with costs to the appellant to abide the event."

Upon the new trial the judgment entered upon the first trial was offered in evidence, and the trial justice held that, in view of the dismissal of the complaint upon the merits and certain findings made upon the dismissal of the complaint upon the first trial, the fact that the plaintiffs had performed their services negligently was conclusively established, and it therefore followed that the defendant was entitled to judgment upon his counterclaim. Upon the new trial evidence was received showing the amount of the damages which the defendant had sustained by reason of the negligence of the plaintiffs in the performance of their work.

It is claimed by the appellants that judgment dismissing the complaint is not conclusive upon the trial of the counterclaim, because the questions raised upon the trial of the counterclaim were not necessarily involved in the judgment dismissing the complaint. The respondent, on the other hand, contends that the judgment already rendered is conclusive as between the parties upon any fact therein actually determined.

[1] The judgment dismissing the complaint, while not admissible as a plea in bar or an estoppel in the action because not pleaded, was nevertheless admissible as evidence of any fact in issue when it was shown that such fact had actually been determined therein. Stearns v. Shepard & Morse Co., No. 1, 91 App. Div. 49, 86 N. Y. Supp. 391.

The question to be determined is therefore narrowed to the inquiry as to what facts were actually determined in the judgment dismissing the complaint which were essential allegations of the defendant's counterclaim. Upon these issues the judgment dismissing the complaint is, as evidence, conclusive. Only the allegations of negligence upon which the defendant relied to establish his counterclaim were permitted to be proved by actual findings of negligence contained in the findings upon which the judgment dismissing the complaint was entered. The judgment dismissing the complaint was therefore properly considered as conclusive upon the plaintiffs only to the extent that it contained findings which actually determined questions in issue between the parties. No evidence was offered by the defendant upon the last trial which tended in any way to contradict the record which he offered in evidence. Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470. Evidence independent of the judgment was also offered by the defendant to establish the negligence of the plaintiffs in the manner in which they performed their work.

[2] The plaintiffs also were accorded an opportunity to controvert such evidence, although the trial court expressed the opinion that the judgment rendered was conclusive upon the matters actually determined therein. The fact that the court permitted the plaintiffs to offer

other evidence controverting the findings actually made in the judgment already entered was erroneous, but entirely immaterial, inasmuch as the court properly held that the judgment was conclusive as against the plaintiffs as to those matters which were actually determined therein. The damages awarded to the defendant were proved by the evidence that was presented.

A review of the voluminous record which has been presented shows that the defendant proved the counterclaim alleged, and the judgment should be affirmed, with costs. All concur.