Calkins v. Allerton.

---

SAME TERM. *Edmonds, Paige, and Edwards,* Justices.

## CALKINS *vs.* ALLERTON.

Where, in an action of trover, the defendant justifies the taking, by the command of a third person, and under the title of the latter, he is to be regarded as a privy of such third person; and the record of a former recovery by the plaintiff, against such third person, for the same taking of the property, is admissible in evidence against the defendant; and is conclusive as to the plaintiff's title to the property, and as to his right to the possession thereof.

THIS was an action of trover for a pair of steers. The plea was the general issue. The cause was tried at the New-York circuit, in September, 1844, before PARKER, Cir. Judge. On the trial the plaintiff proved that the defendant said he took the steers by the orders of Erastus Wheaton, after the plaintiff forbade his taking them. Wheaton had made an agreement with the plaintiff to purchase the steers. After this proof was introduced, the plaintiff offered, as evidence of his title to the cattle in question, and of his right of possession, as between the plaintiff and the defendant, the record of a judgment in the New-York common pleas, in an action of trover brought by the

plaintiff against Wheaton for the same cattle, and the same taking, proved in this suit; in which suit Wheaton defended on the ground of his same alleged title by purchase from the plaintiff, and in which a verdict and judgment passed for the plaintiff. The defendant objected to the admissibility of this evidence, on the ground that the parties were different, and that a verdict against Wheaton was not evidence against the defendant in this suit, for the purpose aforesaid. The circuit judge decided that if the defendant acted as Wheaton's servant, and by his express command, the record was admissible, on proving the identity of the property, of the taking, and of the claim of title set up by Wheaton in the former suit, with those in question in this suit. It was then proved by the plaintiff that the record offered in evidence was the record of a judgment in a suit for the same cattle claimed in this suit, and for the same taking complained of in this suit, and that Wheaton, in that suit, set up his claim of title and right of possession under the same alleged purchase from the plaintiff; that the defendant was a witness on the trial of that suit; and that the whole case, trial, and claim related to the same transaction given in evidence in this suit. The judge, upon this evidence, admitted the record in evidence, and the defendant excepted. The defendant offered to prove that Wheaton purchased the cattle from the plaintiff, and sold them to Andrew Wheeler, previous to the taking by the defendant; that the defendant took the cattle by Wheeler's orders; and that the plaintiff had not the right of possession of the cattle at the time of such taking; the same being in Wheeler. The plaintiff objected to this evidence, or any other evidence showing a right in the defendant to take the cattle under or through Wheaton's alleged title which had been found against him; on the ground that the record of the said judgment was conclusive evidence of the plaintiff's right to the cattle, as between the plaintiff and Wheaton, and all claiming under or through his alleged title, and acting by his express command. The judge sustained the objection, and the evidence was excluded. The defendant thereupon excepted. The jury, under the advice of the judge,

Calkins *v.* Allerton.

found a verdict for the plaintiff. The defendant, upon a bill of exceptions, now moved for a new trial.

*H. P. Hastings*, for the plaintiff.

*E. F. Smith*, for the defendant.

*By the Court*, PAIGE, J. Chief Justice De Grey, in the Dutchess of Kingston's case, (11 *St. Trials*, 261, *S. C.* 20 *Howell's St. Tr.* 538,) laid down the following rule, viz. "That the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar, or as evidence, conclusive between the same parties upon the same matter directly in question in another suit." The supreme court, in *Jackson* v. *Wood*, (3 *Wend.* 27,) repudiated that part of this rule which recognizes the conclusiveness of a former judgment when offered as evidence; and adopted the adverse principle, that a former judgment was in no case conclusive between the parties, unless it was brought forward by plea as an estoppel. But this decision of the supreme court was afterwards unanimously reversed by the court of errors, (8 *Wend.* 1,) and the rule of Chief Justice De Grey was affirmed by that court. In the court of errors Chancellor Walworth held that it was only necessary to plead a former recovery as an estoppel, where special pleading was required; and that it could be given in evidence in all cases where the party relying upon it as an estoppel has had no opportunity to plead the same specially, as a bar. The principles of the Dutchess of Kingston's case were recognized as law in *Gardner* v. *Buckbee*, (3 *Cowen*, 120,) and in *Burt* v. *Sternburgh*, (4 *Id.* 559.) In *Young* v. *Rummell*, (2 *Hill*, 480,) Bronson, J. lays down the rule that evidence of a former recovery, when properly received under the general issue, "is just as conclusive as though the matter had been specially pleaded by way of estoppel," and "that a former recovery in which the same matter was tried upon the merits, between the same parties, may be given in evidence without being specially pleaded,

wherever the party, whether plaintiff or defendant, has had no opportunity to plead the recovery specially." (*Id. p.* 481.)

In the present case, the plaintiff had no opportunity to plead the recovery against Wheaton specially; and the same was therefore admissible in evidence, if Wheaton can be regarded as the real defendant in the suit; or if Allerton was his privy in estate, or a privy to the former recovery. A verdict or judgment in a former action upon the same matter directly in question, is evidence for or against privies in blood, privies in estate, and privies in law, as well as for or against the parties to the suit. (1 *Phil. Ev.* 324.)

In *Kinnersley* v. *Orpe,* (2 *Doug.* 517,) the former recovery against a servant of Doctor Cotton, for the same cause of action, was held admissible as evidence of the plaintiff's right to the fishery, although not conclusive, upon the ground that Doctor Cotton was the real defendant in both causes, both defendants having acted under him. This decision Spencer, Justice, in *Case* v. *Reeve,* (14 *John.* 82,) seemed to think reconcilable with the rules of evidence, on the ground that both suits were substantially against Doctor Cotton himself; inasmuch as the acts of trespass were committed by his express direction and for the very purpose of trying the right to the fishery. In *Street* v. *Bovington and others,* (5 *Esp. N. P. Cases,* 56,) the record of the former trial in the suit against Bovington, was received as evidence against the two other defendants who were not parties to the former suit, upon the ground that they justified under Bovington. If the defendant Allerton sustains merely the character of a co-trespasser with Wheaton, the recovery against Wheaton is not competent evidence against him. (*Sprague* v. *Waite,* 19 *Pick.* 455.) But can Allerton be regarded merely as a co-trespasser with Wheaton ? He did not claim the cattle in his own right. He acted under the orders of Wheaton, who claimed title to the cattle. He took the cattle by Wheaton's command, and as his agent or servant. He justified the taking under Wheaton, and under his title. Wheaton claimed title to the cattle under a purchase from the plaintiff. The case does not authorize the inference that Allerton knew he was a

trespasser in taking the cattle. I think, therefore, we must regard the defendant as a privy of Wheaton ; and as he justifies under Wheaton, the former recovery against Wheaton must be deemed admissible evidence against him, and conclusive evidence of the plaintiff's title to the cattle, and of his right to the possession of the same. The circuit judge therefore decided correctly in receiving the record of the recovery against Wheaton, as evidence against the defendant. I think the circuit judge also decided correctly in rejecting the proof offered by the defendant. The defendant offered to show a purchase of the cattle, by Wheaton, from the plaintiff, and a sale by Wheaton to Wheeler, and a taking, by the defendant, by the orders of Wheeler. This was nothing more or less than a justification under the title of Wheaton. Under the state of facts offered to be shown, Wheeler and the defendant would be the privies, in estate, of Wheaton. And as to them, as such privies, the recovery against Wheaton was conclusive evidence of the plaintiff's title to the cattle. No question was raised on the charge of the judge. The motion for a new trial must be denied.

