SAMUEL B. RAYMOND, as Assignee, etc., Respondent, *v.* HENRY E. RICHMOND, as Sheriff, etc., et al., Appellants.

78   351
125   263

78   351
145   611

This action was brought by plaintiff, as assignor for the benefit of creditors of J., for the alleged conversion of goods levied on by defendant R., as sheriff, by virtue of an execution against H., in favor of the other defendants. Plaintiff gave in evidence a judgment-roll in an action brought by him against J., H. and another, to determine the title to the goods. The judgment therein determined that the title to the goods was originally in H. ; that she transferred them to J. as security for money loaned by him, and that by the assignment to plaintiff he acquired J.'s interest. *Held,* that said judgment established conclusively that title to the property was in plaintiff good as against the defendants in that action, and every person claiming under them, subsequent to judgment therein; but that an execution creditor of H. could assail the transfer to J. as fraudulent and void as to him, this not having been adjudicated in the former action ; that defendants therefore were not concluded from showing that the transfer to J. was fraudulent in fact, or was fraudulent and void, because there was no change of possession, and the written transfer was not filed as a mortgage.

Defendants' answers alleged substantially that the property belonged to H., and was seized by virtue of an execution against her. Upon the trial defendants offered to prove by competent legal evidence the

allegations of the answer; this offer was rejected. *Held,* that under the answer defendants had a right to show that the transfer to J. was as to them fraudulent and void, leaving the title in H.; that the offer was in effect to prove this, and its exclusion therefore was error.

(Argued September 26, 1879; decided October 7, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by the plaintiff, as the assignee for the benefit of the creditors of Edward Jones, against Richmond as sheriff of Monroe county, and Henry G. Giles and Leonard H. Giles, for the conversion of certain personal property, consisting of a stock of goods, etc. Richmond justified the seizure of the property under an execution against Elizabeth W. Hinman, recovered by the defendants Giles.

The defendants Giles set up the execution and averred that the property so seized belonged, at the time of the seizure, to Elizabeth W. Hinman, and did not pass to the plaintiff by the assignment of Edward Jones.

The plaintiff having proved upon the trial the assignment and himself in possession of the property, and that the same was taken from his possession by the defendant Richmond under the direction of the defendants Giles, who gave him their bond of indemnity, offered in evidence a judgment-roll in the Supreme Court in an action commenced in March, 1877, by the plaintiff in this action, as assignee of Edward Jones as aforesaid, against Portus M. Hinman, the said Elizabeth W. Hinman, and the said Edward Jones, in which a judgment was recovered and entered on the 20th of August, 1877. That action was in effect to determine the title to the property. The substance of the judgment therein and the further facts appear sufficiently in the opinion.

*J. C. Cochrane,* for appellants. The court erred in admitting in evidence the record in the action between plaintiff

and Elizabeth W. and Portus M. Hinman. (*Porter* v. *Parmley*, 52 N. Y., 190.) The bill of sale from Elizabeth W. Hinman to Jones was invalid as to her creditors, because there was not an immediate and continued change of possession, and because, being intended only as a mortgage, it was not filed. (2 R. S., 136; Laws 1833, chap. 279; *Wood* v. *Lowry*, 17 Wend., 492; *Horton* v. *Davis*, 26 N. Y., 497; *Porter* v. *Parmley*, 52 id., 190; *Hale* v. *Sweet*, 40 id., 97; *Ely* v. *Carnby*, 19 id., 496; *Tilson* v. *Terwilliger*, 56 id., 273.)

*Theodore Bacon*, for respondent. The judgment record in *Raymond* v. *Hinman* is conclusive evidence against defendants that the property in controversy in both suits belonged to plaintiff. (Bigelow on Estoppel [2d ed.], 745; Freeman on Judgments, § 162; *Adams* v. *Barnes*, 17 Mass., 365; *Calkins* v. *Allerton*, 3 Barb., 171; *Candee* v. *Lord*, 2 Comst., 269–274–276; *Voorhees* v. *Seymour*, 26 Barb., 569–583, 584; *Prentiss* v. *Holbrook*, 2 Mich., 372–375, 376; *Shirley* v. *Fearne*, 33 Miss., 653; *Burton* v. *Wilkinson*, 18 Vt., 186; *Carlton* v. *Davis*, 8 Allen, 94.) The doctrine of equitable estoppel cannot be so extended as to be made applicable to this case. (Bigelow on Estoppel [2d ed.], 437; *Taylor* v. *Ely*, 25 Conn., 250; *Danforth* v. *Adams*, 29 id., 107; *Zuchtman* v. *Roberts*, 109 Mass., 53; *Freeman* v. *Cooke*, 2 Exch., 654; *Howard* v. *Hudson*, 2 El. & B. [75 E. C. L.], 1; *Schmaltz* v. *Avery*, 16 Q. B. [71 E. C. L.], 655; *Ryerss* v. *Farwell*, 9 Barb., 615; *Griffith* v. *Beecher*, 10 id., 432; *Maloney* v. *Horan*, 49 N. Y., 111; *Smith* v. *Van O'Linda*, 48 id., 169.)

EARL, J. The judgment in the action brought by the plaintiff against Mr. and Mrs. Hinman and the assignor, Jones, established that title to the property, good against all the defendants in that action and every person claiming under them subsequent to judgment therein, was in the plaintiff. That judgment shows that the title to the property was

originally in Mrs. Hinman; that it was by her transferred
to Jones, as security for money loaned by him to her and
for liabilities incurred by him for her; and that he made an
assignment of the same property to the plaintiff for the
benefit of his creditors, which was valid against both him
and her. (Bigelow on Estoppel [2d ed.], 745; *Adams* v.
*Barnes*, 17 Mass., 365; *Candee* v. *Lord*, 2 N. Y., 269; *Cal-
kins* v. *Allerton*, 3 Barb., 171; *Voorhees* v. *Seymour*, 26
id., 569.)

The judgment, however, has no greater effect as to per-
sons not parties thereto than any other conclusive evidence
showing the same transfers would have had. Any person
claiming under or from Mrs. Hinman, or in privity with her
subsequent to that judgment could get or have no better
title or right than she had. The judgment would not affect
or conclude any one not a party thereto who acquired from
Mrs. Hinman any right or interest in the property prior to
that action, or who could for any reason claim a better title
thereto than she had. A creditor, seeking simply to take
her title by virtue of an execution against her subsequent
to that judgment, could take no more than she then had.
But an execution creditor could assail the transfer to Jones
as fraudulent and void as to him. That it was not thus
fraudulent and void was not adjudicated in the prior action.
It might be thus and yet valid between the parties. These
defendants had the right, therefore, to show in defense of
this action that the transfer to Jones was either fraudulent
in fact, or that it was fraudulent and void because there was
no change in the possession, the written transfer not having
been filed as a mortgage. Upon such a showing, these
defendants would have justified the seizure of the property,
as plaintiff's right as assignee was no greater or better than
that of Jones, his assignor.

The answer of the defendants was sufficient to enable
them to make this defense. They alleged that this property
belonged to Mrs. Hinman, and that by virtue of an execu-
tion issued upon a judgment against her the sheriff seized

it.   This answer is in the usual form in such cases.   When upon such an issue the plaintiff shows a transfer to him by the judgment debtor, the defendants have a right to show that as to them the transfer is void and the property still remains in the debtor liable to the execution.

Now after the plaintiff proved the judgment recovered in the prior action, which showed his title, the defendants, to maintain their defense, should have offered to show that the transfer to the plaintiff's assignor was void as to them. Did they do this ?   They offered to prove by competent legal evidence each and every fact alleged in their answers, and to give then and there due legal evidence in support of their defenses as contained in their answers.   These answers being sufficient, the offer of proof was as broad as their answers.   Under this offer, any proof would have been pertinent which showed that the title to the property as to these defendants remained in Mrs. Hinman, and that it remained in her because her transfer thereof was fraudulent and void as to them.   Their defense was that as to them the title was in Mrs. Hinman, and this they offered to prove by competent legal evidence ; and evidence showing that the transfer to Jones was as to them for any reason void would have been such evidence.   While the offer was very general and may possibly not have been fully understood by the court, we think there was error in its exclusion and in the ruling that the prior judgment was conclusive upon the defendants in this action.

We do not think that upon the facts alleged in the answers there is any foundation for the claim that the plaintiff is in any way estopped from denying that the title to the property was in Mrs. Hinman.

The judgment must be reversed and new trial granted, costs to abide event.

All concur, except CHURCH Ch. J.. not voting.

Judgment reversed.