Andrews, J.
Upon the facts it is very difficult to resist the conclusion that the mortgage to Mrs. Glay was a part of the scheme of fraud originated by Michael K. Wilson for the purpose of putting his property beyond the reach of his creditors. It ■ has been adjudged that the conveyances of Michael to his brother, and from the latter to Eliza A. Wilson, the wife of Michael, were made to defraud the creditors of Michael. The suit of Haake was then pending, and in October, 1879, a few days before judgment was recovered therein, George, the fraudulent grantee of Michael, at the latter’s request, executed a mortgage for $8,500 to a poor woman who lived by her daily labor, in consideration, as is alleged, of a loan for that amount made by her to Michael EL Wilson.
But the question of law here is as to the effect of the foreclosure judgment as an adjudication in this action, as against this plaintiff, of the bona fides of the mortgage. The general principles upon which the doctrine of res adjudica ta is founded do not seem to have any appropriate application to prevent the plaintiff from litigating the question of fraud in this action. The plaintiff was not a party to the foreclosure action. His status as creditor may, in a loose sense, be said to be under the judgment debtor. But in attacking a conveyance or mortgage made by his debtor in fraud of his rights as creditor, he claims, not under, but in hostility to the debtor and his grantee or mortgagee. By the general rule a judgment binds parties and privies, but not strangers. '
*742 The defendants rely upon a class of cases which hold that a judgment recovered for a debt establishes not only the relation of debtor and creditor between the parties to the judgment, but also as to third persons, so as to preclude them, in the absence of fraud or collusion, from questioning the validity of the judgment or denying that the debt upon which it was rendered actually existed.
The case of Candee v. Lord, 2 N. Y., 269, is a leading authority upon this point. That was a judgment creditor’s action charging that the defendants had under fraudulent .judgments sold the debtor’s property and received the proceeds, and the defendant sought to assail the plaintiff’s judgment on the ground that the endorsement upon which the action was brought was forged. No fraud or. collusion was alleged or shown between the parties in the procuring of that judgment, and it was held that the defendants were bound and could not re-litigate the question of forgery in the creditor’s action.
In several subsequent cases of the same general character, brought to set aside transfers in fraud of creditors, it was held that the defendants could not, in the absence of fraud or collusion, impeach the consideration of the judgment upon which the action was founded, or be permitted to show that the contract upon which it was rendered had in fact no existence or was not enforceable. Burgess v. Simonson, 45 N. Y., 225 ; Carpenter v. Osborn, 102 id., 552; 2 N. Y. State Rep., 520; Decker v. Decker, 108 N. Y., 128; 13 N. Y. State Rep., 131. But these cases do not, we think, go to the extent of supporting the claim of the defendants in this case, that the judgment in the foreclosure action conclusively establishes, as against this plaintiff, that the mortgage there sought to be foreclosed was valid and founded upon a good consideration, and was not executed in fraud of creditors of the mortgagor. It is a universal rule of law, founded upon the plainest morality, that a party coming into a court of justice for relief must come with clean hands. Upon this principle it was held in Alexander v. Gould, 1 Mass., 165, that although a deed is fraudulent as to creditors, yet it cannot be avoided by a creditor the consideration of whose judgment was illegal. In Humes v. Scruggs, 94 U. S., 22, it was held that a decree in a suit between husband and wife, confirming a conveyance of real estate made to her by him, does not bind his assignee in bankruptcy suing to set aside such conveyance on the ground that it was made in fraud of creditors.
Hunt, J., in his opinion very appositely says, “there would be little difficulty in making and sustaining fraudulent transfers of property if the parties thereto could by a subsequent suit between them so fortify the deed that no others could attack it.” We are of the opinion that a judgment between parties to a conveyance or mortgage, which affirms the validity of the deed or mortgage, whether obtained by default or upon litigation, especially where the exact issue whether or not it was a fraud upon creditors was not presented by the pleadings and decided, does not preclude a creditor not a party to the action from subsequently assailing the original transaction as a fraud of his 'rights as a creditor. This is *743 as far as it is necessary to go in this case to justify a reversal of the judgment below. The finding that the mortgage in question was valid and founded on a good consideration may have proceeded on the effect given to the adjudication in the foreclosure action. There was no direct issue in that case upon the question whether the mortgage was executed to hinder, delay or defraud the creditors of Michael K. Wilson, and without now deciding whether if that issue had been squarely presented the judgment would have concluded the present plaintiff, we reverse the judgment below on the ground that as the question was not put in issue directly the judgment does not bind the plaintiff. See Raymond v. Richmond, 78 N. Y., 351.
Judgment reversed, new trial granted, with costs to abide the event
All concur.