(109 App. Div. 630)

JACOB v. TOWN OF OYSTER BAY et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

1. JUDGMENT—RES JUDICATA.
    A final order that plaintiff in forcible entry and detainer proceedings was entitled to the possession of the premises, the questions of entry and detainer having been submitted to the jury, which returned a general verdict for plaintiff, who had given evidence of both acts, was res judicata as against defendant both as to the entry and the detainer.

2. SAME—JUDGMENT AGAINST AGENT—EFFECT AS AGAINST PRINCIPAL.
    Where, in forcible entry and detainer proceedings, defendant is shown to have acted as agent of another, the judgment against him is conclusive against the other.

3. PRINCIPAL AND AGENT—EVIDENCE—SUFFICIENCY.
    Evidence *held* sufficient to show that defendant in forcible entry and detainer proceedings, in his relation to the premises acted as agent for another.

Appeal from Nassau County Court.

Forcible entry and detainer proceedings by Leonard Jacob against the town of Oyster Bay and others. From a final order in favor of defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

David C. Bennett, Jr., for appellant.

Henry A. Monfort (Halstead Scudder, on the brief), for respondents.

JENKS, J. The learned county court held that the plea of res adjudicata, based upon the final order in Town of Oyster Bay v. William H. Jacob, was good, and dismissed the petition. The record in that proceeding was read in evidence. The final order therein is affirmed by us at this term of the court. 96 N. Y. Supp. 620. In Town of Oyster Bay v. William H. Jacob, supra, the petition was based upon the right of possession to the premises known as "East Beach." It was alleged that on March 30, 1904, Mr. William H. Jacob had forcibly entered the premises, and thereupon and thereafter was in forcible detainer of them. That proceeding was begun on April 15, 1904, issue was joined, and upon a verdict rendered by the jury for the petitioners the final order was entered on May 4, 1904, which determined that Mr. William H. Jacob had been guilty of a forcible entry and detainer, and directed the issue of a warrant of removal. Therefore there was an adjudication as to the town's right of possession to the premises, certainly as of April 15, 1904, against Mr. William H. Jacob. The petition of Mr. Leonard Jacob in this proceeding is based upon a forcible entry upon a small house on the same premises by the said town on April 2, 1904, and its detainer thereof. There is no contention that the petitioner's rights in the house are different from those in the premises whereon it is situate, which admittedly are but a small part of East Beach and are wholly within its territory. Hence any determination in such a proceeding as to East Beach would cover the premises involved in this proceeding. The acts complained of in this proceeding are part of the continued physical struggle between the town and the retainers of the Jacob family for the possession of this neck of sand. It seems to me that a final order that determined that on April 20, 1904, the town was entitled to the possession of the premises, in a proceeding based upon the forcible entry and detainer of Mr. William H. Jacob, in proceedings wherein the plaintiff pleaded such entry and detainer and gave evidence of both acts, and wherein the question of entry and detainer were submitted to the jury, which returned

a general verdict for the town, is res adjudicata as against Mr. William H. Jacob in his proceedings for the town's forcible entry and detainer on the same premises on April 2, 1904. In the absence of proof it is assumed that the litigation involved all alleged in the petition and the final order, and covered the whole ground thereof. Matter of Estate of Straut, 126 N. Y. 201, 211, 27 N. E. 259. The final order is "evidence of the right and extent of the plaintiff's possession, and the defendant is estopped from contesting the. same." Black on Judgments, § 663.

Moreover, in Town of Oyster Bay v. William H. Jacob Mr. Jacob pleaded affirmatively that he, as agent for Leonard Jacob, was in quiet possession of all the premises, except the premises improved by the small house, for more than three years, and that as to the premises thus excluded, while he as agent and Leonard Jacob were in possession thereof, the town, on April 2, 1903, was guilty of a forcible entry and detainer thereof. The learned counsel for the appellant would avoid the effect of this plea, inasmuch as he says that the defendant in Town of Oyster Bay v. Jacob offered no evidence upon this subject, and the issue was not submitted to the jury. But I find that the defendant examined the petitioner's witness McCahill at great length on the subject, by a series of questions that tended to establish this affirmative plea. In Thorn v. De Breteuil, 179 N. Y. 64, 82, 71 N. E. 470, 476, the court, per Gray, J., say:

"The rule has, also, been stated, upon the authorities, rather appropriately to this case. in this wise: That the estoppel of a judgment by a court of competent jurisdiction extends to those matters which, though not expressly determined, 'are comprehended and involved in the thing expressly stated and decided. Hence it is not necessary to the conclusiveness of the former judgment that issue should have been taken upon the precise point controverted in the second action.' Am. & Eng. Ency. of Law, vol. 24, p. 766."

I have heretofore dealt with Mr. William H. Jacob. The appellant contends that, inasmuch as this proceeding is instituted by Mr. Leonard Jacob, the rule of res adjudicata does not apply. I think otherwise. In American and English Encyclopedia of Law (2d Ed.) vol. 24, p. 751, it is said that the weight of authority supports the rule that a judgment in a suit wherein an agent or servant is the party prosecuting or defending under the authority or in the right of the principal or master is conclusive against principal or master, if it appear that the agent or servant was acting for the principal or master within the scope of his authority, or in the absence of such authority if it appear that there was ratification. See, too, Stearns v. Shepard & Morse L. Co., 91 App. Div. 49, 86 N. Y. Supp. 391; Black on Judgments; § 578; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; Anderson v. West Chicago St. R. R. Co., 200 Ill. 329, 334, 65 N. E. 717, and authorities cited; Wells on Res Adjudicata, §§ 63, 64; Herman on Estoppel and Res Judicata, § 152; Bigelow on Estoppel, § 120. In Town of Oyster Bay v. William H. Jacob the latter answered that he was the agent and custodian for Leonard Jacob, the owner, and that as such he had been in possession, and, further, that the town had forcibly entered upon the premises then in possession of Leonard Jacob and himself as agent. He testifies that he had charge of the property; that he was the son of Leonard Jacob, who

had resided for years on premises adjacent thereto. He testifies to his entrance upon the land in assertion of his right as agent and custodian, and that of his father, and the continuous physical occupation thereof by his retainers for days and months under such title and claim of right of possession. In the present proceeding one of the retainers kept there by Mr. William H. Jacob testifies that he went there under the employment of Mr. Leonard Jacob to live and to keep guard, and that he found Mr. William H. Jacob and other retainers there. It appears that, immediately upon the determination in the former proceeding, the persons in charge left the premises. Mr. Leonard Jacob is not a witness, and there is no attempt to deny or impugn the authority of Mr. William H. Jacob as agent or custodian. I think that upon the evidence the rule indicated supra applies, and that this petitioner is bound by the adjudication in Town of Oyster Bay v. William H. Jacob.

It is said in Greenleaf on Evidence (15th Ed.) vol. 2, § 67, that:

"If there are peculiar relations between the parties, such as that of father and son, the presumption becomes more vehement, whether there was an agency in fact or not, and the duty of disavowal is more urgent."

It cannot be the rule that principal could always in effect obtain a second trial by plea that the first trial was conducted by his agent.

The order must be affirmed, with costs. All concur.