HARRY STELLA, Appellant, Respondent, *v.* BANKERS COMMERCIAL CORPORATION, Respondent, Appellant.

First Department, July 1, 1921.

Sales — conditional sale — agreement to deliver motor truck together with special body — conditional sale covering said agreement without mention of special body — assignment of said contract together with notes given in payment — action by purchaser against assignee to recover amount paid after rescission of contract for failure to deliver special body — plaintiff merely general creditor without specific claim upon truck — possession of truck by assignee as security for other claims against seller — Personal Property Law, § 65, gives right of action solely against seller.

The plaintiff after directing a motor company to enter an order for a truck to be delivered at once with a special body to be delivered " in about three weeks or so " made a conditional bill of sale in the usual form with the motor company providing for payment of the balance of the purchase price by notes payable monthly, but there was no mention made of the special body. On the same day the motor company assigned the contract of sale together with the notes to the defendant. Thereafter the plaintiff paid three of the notes, one to the motor company and two to the defendant and because of the failure of the motor company to deliver the special body tendered the truck to it and offered to rescind the contract, which offer was accepted, but the plaintiff did not demand the return of the money paid or of the unpaid notes. After the bankruptcy of the motor company the plaintiff commenced this action against the defendant to recover the amount paid under the contract.

*Held,* that the tender of the truck by plaintiff and the acceptance thereof constituted a mutual rescission of the contract as matter of law;

That the plaintiff upon the rescission of the contract without a demand for the return of the money paid or of the unpaid notes became at most a general creditor of the motor company without any right against the defendant or any specific claim upon the particular truck;

That the defendant by the assignment of the contract of sale did not become the owner of the truck although it came into its possession prior to the bankruptcy of the motor company as security for other claims;

That the defendant by thus taking the truck and disposing of it at private sale without notice to the plaintiff did not become liable for a violation of sections 65 and 67 of the Personal Property Law, since section 65 gives a right of action solely against the vendor where property has been sold in violation of its provisions.

APPEAL by the plaintiff, Harry Stella, from an order and determination of the Appellate Term of the Supreme Court,

First Judicial Department, entered in the office of the clerk of the county of New York on the 6th day of February, 1920, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, dismissing the complaint, in so far as the same limits the plaintiff's recovery to the sum of $214.11 instead of awarding him the sum demanded in the complaint.

Appeal by the defendant, Bankers Commercial Corporation, from the whole of said order and determination.

*Louis W. Severy* of counsel [*Charles A. Ogren*, attorney], for the plaintiff.

*Grant C. Fox* of counsel [*Walter A. Hall*, attorney], for the defendant.

DOWLING, J.:

The facts in this case appear without dispute in a written stipulation filed in the Municipal Court. On or about November 15, 1916, the plaintiff entered into an agreement in writing with the Lincoln Motor Company, Inc., whereby he directed the latter to enter an order for one Stewart truck to be delivered at once, with a body to be delivered about " three weeks or so " thereafter. The price for the car, complete with 'lettering, was to be $1,594.50, of which $530 was paid in cash, the balance to be payable in fifteen monthly payments with six per cent interest including insurance for two years. Thereafter on November 23, 1916, a conditional bill of sale was made between the Lincoln Motor Company, Inc., therein called the " seller," and plaintiff, therein called the " purchaser," whereby the seller sold to the purchaser a Stewart truck in accordance with the order theretofore given and upon the terms set forth in said order, the balance of the purchase price being represented by fifteen notes payable monthly beginning December 27, 1916, fourteen thereof being for the sum of $71 each and the last note maturing being for the sum of $70.50. This conditional bill of sale was in the usual form and provided that delivery of the car by the seller to the purchaser did not pass title thereto and that the car and title thereto should remain vested in and be the property of the seller and its assigns until the notes evidencing the

installments of the purchase price had been paid in full.   On the same day, November 23, 1916, the defendant, for value and before maturity, duly purchased said fifteen promissory notes which were duly indorsed by the Lincoln Motor Company, Inc., and delivered to defendant, and at the same time the motor company duly assigned to defendant the contract of sale hereinbefore referred to by an instrument in writing indorsed on the back thereof.   At the time of such assignment the defendant had no knowledge of the terms of the original order for the truck given on November 15, 1916, nor did it acquire knowledge thereof until after this action had been commenced.   Thereafter plaintiff paid the first three of the notes, being those maturing December 27, 1916, and January 27 and February 27, 1917, the first note being paid by check to the order of the Lincoln Motor Company, Inc., and the last two by check to the order of the Bankers Commercial Corporation.   Plaintiff claims that he never received notice of the assignment of the conditional bill of sale to defendant until August, 1917, when the latter made demand upon him in writing for the payment of the notes due March twenty-seventh, April twenty-seventh, May twenty-seventh and June twenty-seventh, then all past due; but he does not deny the fact that he paid two of the first three notes directly to the defendant herein.   The Lincoln Motor Company, Inc., never delivered to plaintiff the special body referred to in the agreement between it and plaintiff although numerous requests. were made therefor, and so, on or about March 19, 1917, and over three months later than the date of delivery stipulated in the original agreement, plaintiff called at the place of business of the Lincoln Motor Company, Inc., with the truck, and with his attorney, and there saw the general manager of the motor company, when plaintiff's attorney said that plaintiff was dissatisfied with the truck and " now offers to return the truck and call the whole deal off and rescind the contract; " to which the manager of the motor company replied, " Put it in the garage.   That is all you have to do."   The manager then turned his back on the parties and plaintiff and his attorney walked out.   Plaintiff told his chauffeur to drive the truck in the garage, to give the truck back again, and the truck was put in the garage of the Lincoln

Motor Company, Inc., and left there. Thereafter and on April 3, 1917, plaintiff commenced an action against the Lincoln Motor Company, Inc., in the Municipal Court of the City of New York, Borough of Manhattan, Third District, and by a verified complaint set forth among other facts that plaintiff had duly performed all the terms and conditions of the contract on his part to be performed but that the defendant Lincoln Motor Company, Inc., utterly failed, neglected and refused to deliver the special body in accordance with the terms of the contract although duly demanded. Said complaint contained further the following allegations:

" *Fifth.* That because of the failure, neglect and refusal of the defendant (Lincoln Motor Co., Inc.) to perform said contract on its part as aforesaid, the plaintiff, or on about the 19th day of March, 1917, duly offered to return said Stewart Motor Truck and rescind the contract of sale, whereupon the defendant accepted said offer, received said truck and rescinded said contract."

It was further alleged that prior to the rescission of the contract the plaintiff had duly paid on account of the purchase price the sum of $713 with interest, and prior to the commencement of the said action plaintiff duly demanded from said Lincoln Motor Company, Inc., the repayment of the said sum which it refused to repay. The answer of the Lincoln Motor Company, Inc., in said action admitted that the special body referred to in the original agreement had not been delivered to plaintiff and admitted that plaintiff had offered to return the motor truck referred to and that he had paid the sum of $713 with interest on account of the purchase price thereof. On July 23, 1917, the defendant removed a dozen or fifteen trucks from the garage of the Lincoln Motor Company, Inc., because of an indebtedness arising out of a variety of transactions between the parties and among the trucks so removed was the one in question. This removal took place after the rescission of the contract of sale had been effectuated, according to plaintiff's testimony and according to the sworn complaint in the Municipal Court action against the Lincoln Motor Company, Inc. This rescission, as has been said, was on the ground that the Lincoln Motor Company, Inc., had failed to furnish the special

body to which plaintiff was entitled under the contract. On the trial of the action brought by plaintiff against the Lincoln Motor Company, Inc., the complaint was dismissed, but on appeal the Appellate Term reversed the judgment and held that what occurred when plaintiff returned the truck constituted a rescission as a matter of law. (*Stella* v. *Lincoln Motor Co., Inc.*, 166 N. Y. Supp. 763.) Thereafter, the Lincoln Motor Company, Inc., went into bankruptcy and then plaintiff commenced his action against the present defendant to recover the amount of $715.29 with interest, being the amount of his original payment of $450 and of the three notes which he paid. The first cause of action was based upon the theory that by the assignment of the contract of conditional sale, the defendant became the owner of the truck and the Lincoln Motor Company, Inc., its authorized agent, and that defendant having failed to deliver the special body in accordance with the terms of the contract, and having obtained possession of the truck is liable for the repayment to plaintiff of all payments made by plaintiff thereon. The second cause of action is based upon the ground that after retaking the truck the defendant sold the same at private sale without giving him notice thereof and that, therefore, it failed to comply with sections 65 and 67 of the Personal Property Law and is liable to plaintiff for the amount paid by him on account of his contract. It appears from the agreed statement of facts that the defendant did in fact dispose of the motor truck at private sale without giving notice thereof to plaintiff.

Upon the trial of the present action the plaintiff's complaint has been dismissed and the Appellate Term by a divided court has reversed the judgment in favor of the defendant and directed judgment in favor of the plaintiff for the amount of the three promissory notes paid by him.

With respect to the second cause of action, it is sufficient to say that the right of action given by section 65 of the Personal Property Law in favor of the vendee, where property has been sold in violation of its provisions, is one existing solely against the vendor and, therefore, in no event would this defendant be liable thereunder.

But even under the first cause of action, it would seem

that plaintiff has failed to establish his right to recover thereunder. The conditional bill of sale made no reference to any agreement upon the part of the vendor, the Lincoln Motor Company, Inc., to furnish any special body. It calls simply for the delivery of one Stewart chassis number 3247, motor number 24392, model number 4. This conditional agreement of sale which was transferred to the defendant, therefore, bore upon its face no indication that it was not complete in itself or that it had not been fully performed by the vendor. It appears without dispute that the defendant had no knowledge of the existence of the terms of the prior agreement, known as an order, under which the Lincoln Motor Company, Inc., obligated itself to deliver within three weeks from November 15, 1916, a special body to the plaintiff. When the plaintiff, accompanied by his attorney, called upon the Lincoln Motor Company, Inc., to effect a rescission of the contract he knew that the defendant had become the owner of the last two of the promissory notes which he had already paid for he had made payment by check direct to it under instruction, as he swears, of the secretary of the Lincoln Motor Company, Inc. With knowledge of the fact that these notes had been transferred to the defendant, the plaintiff, through his attorney, offered to return the truck and call the whole deal off and rescind the contract, and this the Lincoln Motor Company, Inc., accepted. To effect the rescission and make it complete the plaintiff then and there caused the truck to be driven into the garage of the Lincoln Motor Company, Inc., and left there. The plaintiff did not then demand the return of his remaining twelve unpaid promissory notes, nor did he demand the return of the money which he had already paid thereon. But he treated the transaction as an effected and complete rescission of the contract and in assertion of that claim sought by his action in the Municipal Court against the Lincoln Motor Company, Inc., to recover back from it all the payments he had made on account of the truck, including the amount of the two notes which he had paid directly to the present defendant, still asserting that as between himself and the Lincoln Motor Company, Inc., the sole parties to the transaction, the contract had been completely rescinded. It was not until the Lincoln Motor Company, Inc., became

bankrupt and his cause of action against it seemed of doubtful or no value that he sought to assert any claim against the present defendant.    I am unable to find any force in his present contention as it seems to me that whatever right the plaintiff had existed solely against the Lincoln Motor Company, Inc. His contract was with it alone.    When he tendered back the truck to that company and the latter accepted its return the transaction constituted a mutual rescission as a matter of law as has been heretofore held.    Plaintiff had a perfect legal right to rescind because of the failure of the vendor to live up to its contract to furnish a special body.    The vendor did not dispute either the agreement or the breach thereof. Plaintiff, in any event, surrendered and abandoned the truck to the Lincoln Motor Company, Inc., and thereafter had no special lien or claim thereupon and as he did not make the return of his unpaid notes or of the amount he had already paid upon the contract a condition for the completion of the rescission he became, when the rescission was executed, at most a general creditor of the Lincoln Motor Company, Inc., without any specific claim upon this particular truck.

If the defendant had taken possession of the truck under the assignment to it of the conditional sales contract a different question might be presented, but the undisputed evidence is that defendant took possession of a number of trucks, including the one in question, solely to protect its rights and enforce its claim under a number of transactions between it and the Lincoln Motor Company, Inc., not including the transaction in question.    As to whether the defendant had the legal right to take these trucks is not before us, for that is a question between the defendant and the trustee in bankruptcy of the Lincoln Motor Company, Inc., and does not concern the plaintiff.

Upon this record it affirmatively appears that the defendant in no way undertook to constitute the Lincoln Motor Company, Inc., its agent, or to expressly ratify or affirm any act which it had theretofore performed.    All this defendant did was to take possession under a general claim of the right arising out of a variety of financial transactions between the parties, of the dozen or fifteen trucks which it found in the possession of the Lincoln Motor Company, Inc., and which

it treated as being the property of the Lincoln Motor Company, Inc. The truck was in fact at that time the property of the Lincoln Motor Company, Inc., under the complete and unequivocal rescission of the contract upon which plaintiff himself had insisted and which he was justified in asserting.

Under these circumstances there is no theory upon which the defendant can be held liable either for the total amount paid by plaintiff on account of the purchase price of the truck or even for the amount of the two notes which plaintiff paid directly to the defendant.

The determination of the Appellate Term will, therefore, be reversed, with costs, and the judgment of the Municipal Court affirmed, with costs.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Determination and judgment reversed and judgment of Municipal Court of February 4, 1919, affirmed, with costs to defendant in this court and in the Appellate Term.