EDITH FLYNN, Plaintiff, *v.* COLONIAL DISCOUNT CO., INC.,
Defendant.

City Court of New York, Kings County, November 28, 1933.

*Stein & Salant* [*Eli S. Wolbarst* of counsel], for the plaintiff.

*Joseph B. Quinlan* [*David Groberg* of counsel], for the defendant.

GOLDSTEIN, J. This is an action for the conversion of an automobile. On February 4, 1928, the plaintiff purchased a Chandler sedan automobile from Chandler Newark Motors, Inc., whose place of business was located in Newark, N. J. That corporation was the only authorized dealer of Chandler automobiles in the city of Newark, N. J. The sale price was $1,617. The plaintiff was allowed $550 on the automobile she had been using, a Maxwell sedan. She made a cash payment of $1,000 and gave her note for $67, contingent upon the installation by Chandler Newark Motors, Inc., of certain additional apparatus. When the plaintiff first saw the automobile, it was at the warehouse of Chandler Newark Motors, Inc. Upon making the payment of $1,000 and turning in her Maxwell automobile, she received a duly acknowledged bill of sale executed by Chandler Newark Motors, Inc. After taking the Chandler automobile into her possession, the plaintiff drove the car for approximately 100 miles and then brought it to the service station of Chandler Newark Motors, Inc., for the installation of the additional apparatus for which the note of $67 had been given.

While the car was in the possession of Chandler Newark Motors, Inc., for this special purpose, Chandler Newark Motors, Inc., was thrown into bankruptcy and the Chandler automobile was seized under a writ of replevin obtained by one Furst. Furst claimed to be an assignee of the defendant Colonial Discount Co., Inc. (hereinafter referred to as Colonial), under a contract of conditional sale between Colonial and Chandler Newark Motors, Inc. Furst

immediately turned the car over to the defendant. It was removed to New York and sold. The bond furnished by Furst was executed by an indemnity company that has since gone into receivership and the undertaking it furnished is today worthless. The plaintiff thereupon duly demanded of the defendant that it return the car to her, but that demand was refused. During the time that the Chandler automobile was with Chandler Newark Motors, Inc., for the installation of the additional apparatus, the plaintiff's son obtained the use of the old Maxwell automobile which plaintiff had turned in as part of the original transaction. This use was had, however, under no specific agreement. It was in effect a mere loan of an automobile at that time owned by Chandler Newark Motors, Inc.

The evidence is uncontradicted that Furst was a law clerk employed in the office of the defendant's New Jersey attorney, and that that attorney represented Furst in the replevin action. This plaintiff was not made a party to the replevin action, but she intervened therein while that action was pending. The trial in the replevin suit resulted in a verdict in the sum of $1,000 in favor of this plaintiff against Furst on her counterclaim. During the pendency of the replevin action and before the trial thereof, the plaintiff filed a proof of claim in bankruptcy for $1,000.

New Jersey has enacted the Uniform Conditional Sales Act (P. L. 1919, p. 461). Section 9 of that act is applicable here. It reads as follows and is substantially the same as section 69 of the Personal Property Law of New York:

" § 9. Conditional sale of goods for resale. When goods are delivered under a conditional sale contract and the seller expressly or impliedly consents that the buyer may resell them prior to performance of the condition, the reservation of property shall be void against purchasers from the buyer for value in the ordinary course of business, and as to them the buyer shall be deemed the owner of the goods, even though the contract or a copy thereof shall be filed according to the provisions of this act." (Compiled Statutes of New Jersey, §§ 182–195.)

The evidence is abundant and clear that Colonial delivered the Chandler automobile to Chandler Newark Motors, Inc., " for resale " and that the plaintiff was not apprised of the conditional contract of sale at the time of the purchase, nor did she have any reason to suspect its existence. The mere fact of its filing was, of course, insufficient to have put the plaintiff on notice. The very purpose of this section of the Uniform Conditional Sales Act was to make the filing of the contract under such circumstances wholly

ineffective as to purchasers for value in the ordinary course of business. The defendant urges, however, that the plaintiff did not purchase the car in the ordinary course of business because the car was being kept temporarily at a warehouse. That contention is untenable. In these days of crowded business centers, a showroom, so called, often has but little of the actual stock of merchandise the dealer has on hand. His storage room is in effect as much a part of his place of business as is his showroom. A sale from his warehouse is in fact a sale "in the ordinary course of business." Commerce in merchandise of this character or other merchandise similarly sold under conditional sales contracts to retailers for resale, would stagnate if this court were to hold that it is the duty of a purchaser to examine the records of the register, county clerk, or some other public official before purchasing merchandise of this kind under such circumstances. Modern commerce does not lend itself and should not be subjected to the ancient pitfalls that surrounded commerce away from the "market overt." The commendable tendency of Legislatures in recent years, witnessed by the Negotiable Instruments Law, the Uniform Bills of Lading Act, the Uniform Conditional Sales Act, and other similar statutes, has been to increase the mobility of trade and commerce and to obviate the "let the buyer beware" doctrine wherever that course will aid business and yet will leave adequate safeguards for rights that ought to be safeguarded. This court will do nothing to assist any attempt to destroy or hamper that progress. The record is clear that the defendant sold the automobile to Chandler Newark Motors, Inc., for resale. Section 9 of the Uniform Conditional Sales Act is, therefore, applicable. The title to the Chandler automobile passed to the plaintiff and the taking from her was clearly wrongful.

This conclusion has the support not only of court decisions of the State of New Jersey (see, for example, *Finance Corp. of New Jersey* v. *Jones*, 97 N. J. Law, 106; affd., Id. 165), but also of other eminent authority. (See Bogert Comm. Conditional Sales, vol. 2, A, and Glenn Fraud. Conv. § 408.)

The next question for determination is the effect of the replevin suit and the verdict and judgment entered thereon. The law of New Jersey (Replevin Act, 3 Comp. Stat. 1910, p. 4368 *et seq.*), like that of a majority of jurisdictions in this country, has combined the common-law actions of replevin and detinue into one action. Under that statute, if the plaintiff prevails on the issue of property, he has the option of compelling the defendant to return the goods replevined or to take judgment for the value of the goods and damages for their detention. (*General Motors Acceptance Corp.* v. *American*

*Surety Co. of N. Y.*, 108 N. J. Law, 229.) The defendant urges that the plaintiff had no title to the automobile when she commenced this action for conversion because of the judgment in the replevin suit in New Jersey, and that, therefore, she has no right to maintain this action. But the plaintiff had no option in the New Jersey action that she could have exercised, for it was admitted at the trial that the Chandler automobile had been taken out of the jurisdiction immediately after its seizure, and had been sold here in New York. Consequently, the money judgment entered in the plaintiff's favor against Furst can hardly be construed as an election to vest title in the goods in Furst, for obviously there can be no election where there is no choice. Furthermore, the point of time that is essential in an action of conversion is not the date of the commencement of the action but, in contrast to the action of replevin, it is the date of the conversion that is significant. If at that time the plaintiff was entitled to the property, her right to sue for its conversion is wholly unaffected by the money judgment against Furst in the replevin suit, that judgment not having been satisfied.

The evidence is equally sufficient to establish beyond all question that the defendant used Furst as a dummy for reasons of its own to maintain the replevin suit. The evidence is likewise clear that the defendant received the Chandler automobile with full knowledge of the circumstances of its taking. The defendant is, therefore, equally liable with Furst for the conversion and is no more entitled to the property than he was.

The defendant has failed to establish a defense to the conversion. To establish a rescission, the proof must be clear that there was an agreement between the seller and the buyer to that effect, or, in the absence of such an agreement there must be present such conduct as is not explainable on any other theory. Here, the defendant has failed to prove an express agreement for a rescission. This fact alone distinguishes this case from the case relied upon by the defendant (*Stella* v. *Bankers Commercial Corp.*, 197 App. Div. 515). Nor was there conduct that was not explainable on any other theory. The mere fact that the plaintiff's son obtained the use of the Maxwell automobile after the conversion of the Chandler automobile by the defendant, does not in and of itself establish an intent to rescind. The filing of the proof of claim in bankruptcy against Chandler Newark Motors, Inc., and the failure to pay the sixty-seven dollars add little to this defense. Such acts are entirely consistent with the claim that Chandler Newark Motors, Inc., was liable to the plaintiff, along with the defendant and Furst, for conversion or with the claim that the plaintiff suffered

such damage by reason of the failure of Chandler Newark Motors, Inc., to inform the plaintiff about the conditional sales agreement. With the validity of such a claim we are not, of course, concerned. Furthermore, all of these facts were brought out in the replevin action and availed the defendant's dummy assignee nothing. It will have a like result here.

Not only is the judgment in the replevin suit not a barrier to the plaintiff's recovery in this case, but in my opinion it is *res adjudicata* on the issue of the right to the possession of the Chandler automobile. It has repeatedly been held by leading authorities in this State and elsewhere that one who prosecutes a suit in the name of another to establish or protect his own right, or who assists in the prosecution of an action in aid of some interest of his own and controls that action, although the suit is brought in the name of another, is as much bound by the judgment as he would be if he had been a party to the record. (*Souffront* v. *Compagnie Des Sucreries*, 217 U. S. 475; *Lyon* v. *Stanford*, 42 N. J. Eq. 411; *Gallo* v. *Brooklyn Savings Bank*, 199 N. Y. 222, 228; *Fish* v. *Vanderlip*, 218 id. 29, 36; *Jacob* v. *Town of Oyster Bay*, 109 App. Div. 630, 633; *Boston & Maine R. R. Co.* v. *Delaware & Hudson Co.*, 238 id. 191, 196; *Calkins* v. *Allerton*, 3 Barb. 171; 1 Freeman Judg. [5th ed.] § 430; 2 Black Judg. [2d ed.] § 539; 34 C. J. 1006.) Parol evidence is admissible to show all the facts. (Freeman, *supra*, § 431.) The real party in interest — in the ordinary lay meaning of the phrase, not in the sense of section 210 of the Civil Practice Act — is bound by the judgment. I find that the record before me fully satisfies the requirements of the rules laid down in the cases and texts just cited. To hold otherwise, it seems to me, would be to permit defendant finance company to engage in sharp practice that a court of justice will not countenance. In so holding, I am fully aware of the previous rulings in this case on the motions addressed to the two previous complaints. Those decisions were made, of course, only on such facts as were then before the court and not after a trial. They are not binding upon me at this stage of the proceedings.

The plaintiff is, therefore, entitled to judgment in the sum of $1,697.78, with interest thereon from the date of the trial.